EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GERARDO GONZÁLEZ, acusado y apelante.

No. 2761.—*Visto:* Mayo 27, 1926. *Resuelto:* Junio 9, 1926.

1. DOMINGO—CIERRE DE ESTABLECIMIENTOS PÚBLICOS—PROCESOS POR VIOLACIONES A LA LEY DEL CIERRE—EN GENERAL.—El tener abierto puertas de un establecimiento comercial en un domingo, a falta de prueba o demostración que el acusado llevaba a cabo transacciones comerciales en su tienda, o de que alguno de los empleados trabajaren en ella en ese día, no constituye delito alguno.

2. DOMINGO—CIERRE DE ESTABLECIMIENTOS—PROCESOS POR VIOLACIONES A LA LEY DEL CIERRE—DE LA EVIDENCIA—SU SUFICIENCIA.—Una prueba que tiende a demostrar que el acusado, en domingo, si bien tenía dos puertas de su establecimiento comercial abiertas estaban interceptadas por rastrillos, y frente a uno de éstos estaba colocado un escritorio, y no se apercibía entraran y salieran personas de la tienda ni actividad alguna en tal sentido, es insuficiente para sostener una convicción bajo el artículo 553 del Código Penal como fué enmendado por Ley No. 18, de 1925 (pág. 137).

SENTENCIA de *Tomás Bryan,* J. (Aguadilla), condenando al acusado por infracción al artículo 553 del Código Penal. *Revocada.*

*Rafael Padró Parés,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

El acusado apeló de una sentencia que le impuso dos dollars de multa por infringir el artículo 553 del Código Penal, tal como fué enmendado por la Ley No. 18, aprobada en mayo 20, 1925, (p. 137).

[1, 2] El apelante discute como único error la apreciación de la prueba por el juez inferior y el fiscal en su alegato está conforme con la revocación.

La prueba tendió a demostrar que el acusado, en un domingo, si bien tenía dos puertas de su establecimiento comercial abiertas, estaban interceptadas por rastrillos y frente a uno de éstos estaba colocado un escritorio. No se apercibía que entraran y salieran personas de la tienda, ni actividad alguna en tal sentido.

Como el móvil que inspiró al legislador al decretar la ley en ese respecto, fué hacer el descanso obligatorio en favor de los empleados de ciertos establecimientos comerciales e industriales en los días que se determinan específicamente, resulta claro en este caso el error de la corte inferior al apreciar la prueba, pues no se demostró que el acusado, el día domingo a que se refiere la acusación, estuviera llevando a cabo transacciones comerciales en su tienda, ni ninguno de sus empleados estuviera trabajando en ese día.

*Por todo lo expuesto, debe revocarse la sentencia y absolverse al acusado.*