EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* IGNACIO HERNÁNDEZ, acusado y apelante

No. 3179.—*Visto:* Mayo 25, 1927. *Resuelto:* Mayo 26, 1927.

1. DÍAS DE FIESTA LEGAL—CIERRE DE ESTABLECIMIENTOS PÚBLICOS—PROCESOS POR VIOLACIONES A LA LEY DEL CIERRE—DE LA DENUNCIA—SU SUFICIENCIA.— Una denuncia bajo el artículo 553 del Código Penal como quedó enmendado en 1925 (p. 13) que diga que el acusado tenía su establecimiento con "todas sus puertas abiertas al público" en los días y a las horas que especifica dicho artículo, es suficiente sin que sea necesario alegar que se realizaran en él transacciones comerciales.

2. DÍAS DE FIESTA LEGAL—CIERRE DE ESTABLECIMIENTOS PÚBLICOS—PROCESOS POR VIOLACIONES A LA LEY DEL CIERRE—DE LOS DELITOS EN GENERAL.—El artículo 553 del Código Penal no da derecho a tener un sábado un establecimiento abierto al público y realizar en él transacciones comerciales cuando dicho día es de fiesta legal.

SENTENCIA de *Luis Samalea Iglesias,* J. (Arecibo), condenando al acusado por infracción al artículo 553 del Código Penal según fué enmendado por ley 18 del 1925. *Confirmada.*

*V. Polanco de Jesús,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La denuncia origen de este proceso, en lo pertinente, dice:

". . . . Que en 25 de diciembre de 1926, y en la Calle Palmer, de Ciales, P. R., hora la 1 y 25 P. M. del Distrito Judicial Municipal de Ciales que forma parte del Distrito Judicial de Arecibo, P. R., allí y entonces, el mencionado acusado Ignacio Hernández, ilegal, maliciosa y voluntariamente, violó el Art. 553 del C. P. (enmendado), Ley del Cierre, consistente en que siendo dueño de un establecimiento industrial, (zapatería), sita en la Calle Palmer de Ciales, P. R., tenía todas sus puertas abiertas al público, toda vez que el 25 de diciembre, 1926, que es sábado, día de Navidad, (fiesta legal), y de acuerdo con el Art. 553 del C. P. (enmendado); la Policía procedió a denunciar al acusado, por haber violado dicha Ley,

no haber cerrado su establecimiento a las 12 A. M. como lo ordena el expresado Art. 553.''

En la corte de distrito el nuevo juicio se celebró tomando como base la siguiente estipulación:

''1.—El acusado acepta que el día a que se refiere la denuncia o sea el 25 de diciembre de 1926, después de medio día, tenía abierto su establecimiento comercial verificando transacciones;

''2.—Ambas partes convienen y aceptan que ese día, el 25 de diciembre de 1926, era día de fiesta legal y que a la vez era un día sábado;

''3.—Ambas partes aceptan que la Ley del Cierre fué originada en la Cámara de Representantes de Puerto Rico y que la misma fué presentada en castellano; que en ella se establece que los días de fiestas legales, después de las 12 M. deberán permanecer cerrados los establecimientos comerciales e industriales; así como que TODOS LOS SÁBADOS permanecerán abiertos hasta las 9 de la noche.''

La corte dictó sentencia condenando al acusado a pagar diez dólares de multa. No conforme, apeló para ante esta Corte Suprema.

Sostiene en su alegato que la denuncia no imputa un delito porque no alega que el acusado realizara en su establecimiento transacciones comerciales. Invoca lo decidido por esta corte en *El Pueblo* v. *González,* 35 D.P.R. 558.

[1] La ley aplicable, artículo 553 del Código Penal, tal como quedó enmendado por la Ley No. 18 de 1925, Leyes de 1925 página 137, es como sigue:

''Artículo 553.—Los domingos, durante todo el día, excepto cuando fueren domingos los días 24 de diciembre, y primero y 5 de enero; el primer lunes de septiembre (Labor Day), y el día 4 de julio; los días de fiesta legal desde las 12 a. m.; todos los sábados desde las 9 p.m.; todos los días laborables desde las 6 p. m., y los días 24 y 31 de diciembre y 5 de enero de cada año, desde las 10 p. m., permanecerán cerrados al público. . .''

Como dicha ley lo que exige es que los establecimientos de que se trata *permanezcan cerrados* en los días y a las horas que especifica, es suficiente con que la denuncia diga

como dice que el acusado tenía su establecimiento con "todas sus puertas abiertas al público." La denuncia dice más. Expresa que el denunciado violó la ley por "no haber cerrado su establecimiento a las 12 A. M."

El caso de *González, supra,* no es aplicable. Allí se trataba de la insuficiencia de la evidencia. El resumen lee así:

"Una prueba que tiende a demostrar que el acusado, en domingo, si bien tenía dos puertas de su establecimiento comercial abiertas estaban interceptadas por rastrillos, y frente a uno de éstos estaba colocado un escritorio, y no se apercibía entraran y salieran personas de la tienda ni actividad alguna en tal sentido, es insuficiente para sostener una convicción bajo el artículo 553 del Código Penal como fué enmendado por la Ley No. 18 de 1925 (pág. 137)."

Y sostiene además el apelante que siendo sábado el día que se le denunció, tenía derecho a abrir su establecimiento al público y a realizar en él transacciones, aunque fuera día de fiesta legal, de acuerdo con las mismas prescripciones de la ley.

Es cierto que la ley dice que permanecerán cerrados los establecimientos "todos los sábados desde las 9 p. m., pero antes dice que lo estarán "los días de fiesta legal desde las 12 a. m." y siendo ello así hay que armonizar ambas disposiciones, sin que exista duda alguna que las palabras "todos los sábados" significan "todos los sábados que no sean días de fiesta legal."

*Debe confirmarse la sentencia apelada.*