El Pueblo de Puerto Rico, demandante y apelante, *v.* Sucesores de A. Mayol & Co., acusada y apelada.

No. 3578.—*Visto:* Noviembre 27, 1928. *Resuelto:* Diciembre 24, 1928.

*José E. Figueras,* abogado de *El Pueblo,* apelante; *Monserrat & Monserrat,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La sección 14 de la ley ''autorizando la creación de una Junta de Farmacia, determinando la validez de ciertos di-

plomas de farmacéuticcs, y para otros fines," leyes de 1921, página 135, lee en parte, como sigue:

"Nadie que no fuere un farmacéutico debidamente autorizado, podrá establecer farmacia, ni dedicarse a la venta de productos químicos, farmacéuticos, medicinas de patente o de propiedad ni clase de droga alguna."

La sección 18 de dicha ley, según fué enmendada en 1927, Leyes del 1927, página 423, 429, dispone lo siguiente:

"Toda persona que en contravención con las disposiciones de esta Ley ejerciere la profesión de farmacia incurrirá en delito menos grave (misdemeanor), y convicta que fuere será castigada con una multa de cien a doscientos dólares, o prisión subsidiaria correspondiente. El Comisionado de Sanidad, tendrá a su cargo el hacer velar por el cumplimiento de esta Sección de esta Ley; *Disponiéndose,* que las palabras Farmacia, Droguería, Droga, Productos Químicos, Productos Farmacéuticos y Medicina de Patente tal como se emplean en esta Ley se entenderán definidos del modo siguiente:

"(a) 'Farmacia', es todo establecimiento público en donde se preparan, componen, preservan o venden productos químicos, farmacéuticos, medicinas de patente, drogas o fórmulas magistrales al detall.

"(b) 'Droguería, es todo establecimiento público en donde se preservan y venden productos químicos, farmacéuticos, medicinas de patente o drogas al por mayor; *Disponiéndose,* que los agentes, representantes y concesionarios exclusivos de manufactureros nacionales y extranjeros que tengan existencias de sus productos en los envases originales para suplir así originalmente la demanda a las farmacias y droguerías debidamente autorizadas, no se considerarán para los efectos de esta Ley como droguerías.

"(c) 'Droga', es un nombre genérico dado a toda substancia medicinal cruda o seca, ya sea de origen mineral, animal o vegetal. Estarán exentos de esta disposición: aguarrás, aceite linaza, pinturas en polvo, en pasta y preparadas, abonos y sus componentes.

"(d) 'Productos químicos', son todas aquellas substancias medicinales, simples o compuestas que se obtengan por los procedimientos de la ciencia y arte de la química, ya sean de origen orgánico o inorgánico.

"(e) 'Productos farmacéuticos', son todas aquellas substancias medicinales que se obtengan o preparen por medio del arte y ciencia de la farmacia.

"(f) 'Medicina de patente', es todo producto medicinal que esté en paquete o envase original y tenga su inscripción en el registro de patentes de Puerto Rico o Estados Unidos."

En una denuncia presentada por un inspector de sanidad local, se alega:

"Que en 22 de octubre de 1927 y en San Juan No. 32 Allen St., del Distrito Judicial Municipal de San Juan, Sucesores de A. Mayol & Co. representados por Salvador Rullán, en su establecimiento 'Los Muchachos' sito en San Juan No. 32 Allen St., intencional y maliciosamente y a sabiendas de que infringían la ley mencionada vendían al público Listerina y Agua de Hamamelis de Humphreys, sin tener atendiendo a dicho negocio de venta de medicinas de patente a farmacéutico alguno autorizado para ejercer la profesión en Puerto Rico, tal y como lo dispone la sección 14 de la Ley No. 15 de mayo 19 de 1921, enmendada por la Ley No. 9 de mayo 12 de 1927."

La corte de distrito, en la apelación de la sentencia dictada por una corte municipal, sostuvo una excepción perentoria a la denuncia, fundada en la teoría de que la sección 14 *supra* es inconstitucional en tanto en cuanto prohibe la venta de medicinas de patente o de propiedad a todas aquellas personas que no sean farmacéuticos debidamente autorizados. La apelación de esa resolución es más o menos perfunctoria, habiendo sido perfeccionada solamente con el fin de obtener la resolución final de esa cuestión. El fiscal de esta corte conviene con el letrado del apelado en que la decisión de la corte de distrito debe ser confirmada. Estamos de acuerdo con ese punto de vista.

"Un estado no puede, 'con el fin de proteger al público, intervenir arbitrariamente en los negocios particulares, prohibir ocupaciones legales o imponerles restricciones poco razonables e innecesarias'." Liggett Co., vs. Baldrige et al. Decidido por la Corte Suprema de los Estados Unidos en noviembre 19, 1928, y casos citados.

Un mero monopolio por parte de los farmacéuticos del tráfico mercantil en medicinas de patentes o de propiedad, no

tiene relación real ni substancial con la salud, costumbres o bienestar públicos.

*La sentencia apelada debe ser confirmada.*