El Pueblo de Puerto Rico, demandante y apelado, *v.*
Honorio González, acusado y apelante.

Núm. 6163.—*Sometido:* Junio 5, 1936.   *Resuelto:* Junio 12, 1936.

*Buenaventura Esteves,* abogado del apelante;  *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

El apelante fué acusado de un delito de infracción del artículo 553 del Código Penal, consistente en haber tenido abierto al público un establecimiento comercial de pulpería, exhibiendo para la venta provisiones y efectos de varias clases, el día 2 de septiembre de 1935, Día del Trabajo, que es un día de fiesta legal.   Declarado culpable por la Corte Municipal, apeló para ante la Corte de Distrito de Aguadilla.

El día señalado para la vista del caso, el acusado compareció en persona y sin abogado y anunció estar listo para juicio.   Celebrado éste, la corte lo declaró culpable y le condenó al pago de un dólar de multa y las costas.   Contra esa sentencia se ha interpuesto el presente recurso.

De la transcripción de la evidencia aparece que en el acto de la vista, al serle leída la acusación, el acusado alegó que tenía abogado defensor y solicitó la suspensión de la vista hasta que compareciera su abogado. La corte denegó la moción de suspensión y procedió a oír la prueba.

La única prueba de cargo fué el testimonio del policía denunciante, quien declaró que el Día del Trabajo, como a las 2:30 p. m., el acusado tenía su establecimiento comercial de cafetín y pulpería abierto al público; que el cafetín y la pulpería no están separados, sino juntos; que el acusado exhibía allí objetos de quincalla y comestibles; que en ese momento había bastante gente dentro del establecimiento y que vió que allí se hacían transacciones. El acusado hizo uso de su derecho a repreguntar al testigo y éste ratificó todo lo que había declarado a preguntas del Fiscal. El acusado no ofreció prueba alguna.

Al terminar la corte de dictar sentencia, compareció ante ella el Lic. Buenaventura Esteves, quien alegó ser abogado del acusado, y dijo: que desconocía la fecha señalada para la vista del caso; que a pesar de haber informado en corte abierta que él ha venido actuando como abogado defensor y de haber firmado el escrito de apelación, se procedió a celebrar el juicio en su ausencia, privando así al acusado de su derecho a estar representado por abogado y privándole de un *"due process of law"*, y que ha sido condenado con la sola declaración del denunciante, en violación de la Carta Orgánica de Puerto Rico; que el abogado llegó a la corte a las 9:30 a. m., encontrando que ya el juicio se había celebrado; que el acusado tenía una buena defensa sobre los méritos del caso; y terminó pidiendo se dejara sin efecto la sentencia dictada y que se señalara nuevamente día y hora para la celebración de la vista.

La corte hizo constar en autos que el acusado fué citado por el márshal cuatro días antes del señalado para el juicio; que fué citado para comparecer a las 9 de la mañana; que el caso no fué llamado hasta las 10:15 a.m.; que al ser pre-

guntado si tenía testigos, el acusado contestó que los tenía en San Sebastián, y que tenía abogado, pero no dijo su nombre. Y en vista de esos hechos la corte declaró sin lugar la moción, tomando excepción la defensa.

En su alegato, el apelante imputa a la corte inferior la comisión de los siguientes errores:

"Primero: La Corte de Distrito cometió manifiesto error y actuó con pasión, prejuicio y parcialidad al celebrar el juicio de este caso negándole al acusado su derecho a estar representado por un abogado defensor, infringiendo así el artículo 11, incisos 2 y 3, del Código de Enjuiciamiento Criminal y lesionando un derecho constitucional del acusado.

"Segundo: La Corte de Distrito cometió manifiesto error y actuó con pasión, prejuicio y parcialidad al declarar culpable al acusado con la sola declaración del policía denunciante.

"Tercero: La Corte de Distrito cometió manifiesto error y actuó con pasión, prejuicio y parcialidad al negarse a dejar sin efecto la sentencia y abrir el caso de nuevo para dar al acusado su oportunidad de defenderse con su abogado y testigos.

"Cuarto: La denuncia no contiene hechos suficientes para constituir una infracción al artículo 553 del Código Penal; por lo que la sentencia es contraria a la Ley y a los hechos."

Los tres primeros alegados errores carecen por completo de méritos y no es necesaria una extensa argumentación para justificar su desestimación. Es innegable que todo acusado tiene derecho a estar representado por abogado en el acto del juicio y que las cortes no deben privar a ningún acusado de ese derecho. De los autos no aparece que haya habido en este caso privación alguna. El acusado fué notificado a tiempo del día y hora en que debía comparecer ante la Corte, y era a él a quien incumbía comparecer con su abogado y con sus testigos. Las cortes no están obligadas a alterar sus calendarios o el orden de sus asuntos para adaptarlos a las conveniencias o a los caprichos de las partes. Son las partes, cuando han sido debidamente citadas, las que deben comparecer ante la corte en el día y hora señalados y esperar que llegue su turno para ser oídas. Sostener lo

contrario sería introducir el caos y la anarquía en los tribunales y hacer imposible la ordenada administración de justicia. Si el acusado en el presente caso tuvo que entrar en juicio sin la asistencia de su abogado, de él y no de la corte fué la culpa. No cometió ésta ningún error al proceder a la vista del caso sin esperar la llegada del abogado.

El cuarto error se refiere a la suficiencia de la denuncia.

El Artículo 553 del Código Penal, según quedó enmendado en 1925 (Ley núm. 18, pág. 137), lee así:

"Art. 553.—Los domingos, durante todo el día; excepto cuando fueren domingos los días 24 de diciembre, y primero y 5 de enero; el primer lunes de septiembre (Labor Day), y el día 4 de julio; los días de fiesta legal desde las 12 a. m.; todos los sábados desde las 9 p. m.; todo los días laborables desde las 6 p. m. y los días 24 y 31 de diciembre y 5 de enero de cada año, desde las 10 p. m. permanecerán cerrados al público; y una hora después de cerrados, no se permitirá ninguna clase de trabajo para los empleados en los establecimientos comerciales e industriales, con excepción de los designados a continuación: . . ."

La denuncia se ajusta sustancialmente al estatuto y alega que el acusado "tenía abierto al público un establecimiento comercial de pulpería, exhibiendo para la venta efectos tales como bacalao, manteca, tocino, jamón, arroz y otros, siendo el 2 de septiembre de 1935 Día del Trabajo, que es un día de fiesta legal."

Arguye el apelante que la denuncia debió alegar "que el acusado realizaba transacciones comerciales en violación del artículo 553 del Código Penal," y que no habiendo hecho esa alegación, debe ser considerada como insuficiente.

La cuestión que discutimos ha sido ya resuelta por esta corte en el caso de *El Pueblo* v. *Hernández*, 36 D.P.R. 855, en el que se dijo:

"Una denuncia bajo el Artículo 553 del Código Penal como quedó enmendado en 1925 (pág. 137), que diga que el acusado tenía su establecimiento con 'todas sus puertas abiertas al público' en los

días y a las horas que especifica dicho artículo, es suficiente sin que sea necesario alegar que se realizaron en él transacciones comerciales.''

*Opinamos que la denuncia y la prueba presentada son ampliamente suficientes para sostener la sentencia apelada, la cual debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.