EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DATIVO NICOLÁS HIRALDO, acusado y apelante.

Núm. 7299.—*Sometido:* Marzo 28, 1939. *Resuelto:* Abril 20, 1939.

*J. Valldejuli Rodríguez*, abogado del apelante; *R. A. Gómez, Fiscal, y Luis Janer, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En la Corte Municipal de Carolina se presentó una denuncia contra Dativo Nicolás Hiraldo, por infracción al artículo 553 del Código Penal. Se le imputó que el día 16 de julio de 1937, a las 7:15 P. M., "ilegal, voluntaria y maliciosamente, siendo representante o agente del establecimiento comercial de . . . Juan G. Alberty," dedicado a "venta de drogas, productos químicos y farmacéuticos, perfumería, bisutería, efectos de escritorio, etc., etc., tenía dicho establecimiento (que es un comercio mixto) abierto al público en la fecha y hora arriba indicadas, en violación al artículo 553 del Código Penal vigente."

Al ser llamado el caso para juicio en la Corte Municipal de Carolina, el acusado excepcionó la denuncia por los siguientes fundamentos:

"1. Que la denuncia en el presente caso no aduce hechos constitutivos de una causa de acción penal, ni infracción al artículo 553 del Código Penal de Puerto Rico, ni infracción a ningún otro estatuto.

"2. De la faz de la propia denuncia aparece que el establecimiento que se denuncia es una farmacia establecida en el pueblo de Carolina, la cual está autorizada por el artículo 553 del Código Penal, inciso 8, según fué enmendado por la Ley 110 de 13 de mayo de 1937, página 268.

"3. Que asimismo se alega en la precedente denuncia que dicho establecimiento es propiedad de Juan G. Alberty y el denunciado un

empleado, y siendo el artículo 553, como quedó enmendado por la citada Ley 110 de 1937, una ley de carácter obrero, que protege solamente a los empleados, y que se hizo para el fin de que los empleados no trabajaran, no puede referirse sino a los dueños de los establecimientos.

"4. Alega asimismo el compareciente que no se alega en dicha denuncia que dicho establecimiento estuviese abierto en algún día de fiesta legal, y que se permitiera, por estar abierto, trabajo alguno para los empleados, o que se realizaran transacciones."

La corte municipal desestimó la excepción perentoria. Finalmente fué convicto y sentenciado. Apeló para ante la Corte de Distrito de San Juan. Reprodujo la ameritada excepción perentoria. La desestimó la corte y en el juicio *de novo* admitió el acusado que de comparecer los testigos de cargo, declararían que el 16 de julio de 1937, a las 7:15 P. M., en la calle Muñoz Rivera, de Carolina, Puerto Rico, "el acusado Dativo Nicolás Hiraldo, siendo representante o agente del establecimiento comercial de Juan G. Alberty, que se dedica a la venta de drogas, productos químicos y farmacéuticos, perfumería, bisutería, y efectos de escritorio, tenía dicho establecimiento abierto al público en la forma y hora arriba indicadas." No presentó prueba en su defensa y la corte lo declaró culpable y le impuso $5 de multa y las costas, o en su defecto un día de cárcel por cada dólar de multa que dejare de pagar.

Apeló para ante este tribunal, imputando a la corte sentenciadora la comisión de los siguientes errores:

"*Primero:* Haber desestimado la Corte las cuestiones previas planteadas por el acusado.

"*Segundo:* Haber declarado que un empleado de un establecimiento puede ser declarado culpable del hecho de que el mismo se encuentre abierto al público.

"*Tercero:* Haber declarado culpable al acusado sin que se probara que en dicha farmacia o establecimiento que se alega en la denuncia estuviesen los obreros o empleados trabajando y que se estuviesen realizando transacciones.

"*Cuarto:* Haber declarado culpable al acusado sin que se probara que estuviese violando ordenanza alguna del Municipio de

Carolina, ya que la ley dispone que las farmacias serán reguladas por las respectivas asambleas municipales o la Junta de Comisionados de San Juan.''

■ El artículo 553 del Código Penal, según fué enmendado por la Ley núm. 110, de 13 de mayo de 1937 (Leyes de ese año, pág. 268), en lo pertinente dice así:

''Artículo 553.—Los domingos, durante todo el día excepto cuando fueren domingos los días 24 de diciembre, y primero y 5 de enero; el primer lunes· de septiembre (*Labor Day*), y el día 4 de julio; los días de fiesta legal desde las 12 a. m.; todos los sábados desde las 9 p. m.; todos los días laborables desde las 6 p. m., y los días 24 y 31 de diciembre y 5 de enero de cada año, desde las 10 p. m., permanecerán cerrados al público; y una hora después de cerrados, no se permitirá ninguna clase de trabajo · para los empleados en los establecimientos comerciales e industriales, con excepción de los designados a continuación:

''     *     *     *     *     *     *     *

''8. Los establecimientos de farmacias, el cierre de los cuales será regulado por ordenanzas de las asambleas municipales o la Junta Administrativa del Gobierno de la Capital, estableciendo específicamente el número determinado de farmacias que deberán permanecer abiertas durante todas las horas de la noche y madrugada y los turnos correspondientes; *Disponiéndose*, que en ningún caso podrán los municipios ni el Gobierno de la Capital ordenar el cierre de los establecimientos de farmacias dentro de las horas de las 7 a. m. y las 6 p. m. durante los días laborables; *Disponiéndose, además,* que los municipios y el Gobierno de la Capital podrán establecer botiquines para el servicio de emergencia nocturno sin contravenir las disposiciones de este inciso.''

El día 16 de julio de 1937 era un día laborable. De acuerdo con la ley los establecimientos comerciales deben cerrarse a las seis de la tarde. No obstante el precepto legal, el establecimiento representado por el acusado se hallaba abierto a las 7:15 P. M. De la faz de la denuncia no aparece que se tratase de una farmacia. Allí se vendían drogas, productos químicos y farmacéuticos. También vendían perfumería, bisutería y efectos de escritorio. El mero hecho de vender drogas y productos químicos y farmacéu-

ticos no implica necesariamente que el establecimiento que los expende sea una farmacia, a menos que tales productos sean de los que la ley exige se vendan por farmacéuticos. *Pueblo* v. *A. Mayol & Cía.*, 38 D.P.R. 999.

El acusado pretende que el establecimiento en cuestión era una farmacia y que de acuerdo con la propia ley no tenía que cerrarse a las seis de la tarde los días laborables, como se exige a los establecimientos comerciales. Estando los establecimientos de farmacia excepcionados por la ley, y no estando la excepción comprendida en la definición del delito, la excepción es materia de defensa que debe alegar y probar el acusado, a menos que el hecho surja de las alegaciones de la denuncia o de la prueba presentada, cosa que no sucede en este caso. *Pueblo* v. *Avilés*, ante pág. 272. Se admitió por el acusado que él era el agente o representante del dueño. La ley, como hemos visto, impone el deber de cerrar los establecimientos comerciales los días laborables a las seis de la tarde. Siendo el acusado el representante del dueño, y no un mero obrero o dependiente, era su deber cumplir con la ley, y al no hacerlo así, permitiendo que el establecimiento por él representado permaneciese abierto después de las horas permitidas por la ley, la violó, lo mismo que la hubiera infringido el dueño. [4] Por último, no era necesario alegar y probar que en la hora indicada se realizaron transacciones comerciales ni que hubieran otros empleados trabajando. Bastaba con que el establecimiento estuviese abierto al público. Así lo resolvió este tribunal en los casos de *El Pueblo* v. *Hernández*, 36 D.P.R. 855, y *El Pueblo* v. *González*, 50 D.P.R. 195, 198.

A nuestro juicio no se ha cometido ninguno de los errores señalados por el acusado. *Procede, por consiguiente, la confirmación de la sentencia apelada.*