EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARIO MÁRQUEZ MUÑOZ, acusado y apelante.

Núm. 7669.—*Sometido:* Junio 1, 1939. *Resuelto:* Junio 13, 1939.

*Antonio L. López,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

El acusado fué convicto de infringir la Ley del Cierre, según la misma figura en el artículo 553 del Código Penal y sus enmiendas. Los hechos imputados fueron que el acusado se hallaba en una pulpería donde tenía unas mesas de billar; que el Día de Acción de Gracias, noviembre 25, 1937, el acusado o uno de los empleados del establecimiento vendió un rollo de papel de inodoro a un parroquiano y entonces se inició el proceso.

La denuncia lee así:

". . . Que en 25 de nov. 3:30 P.M. de 1937, y en la calle Georgetty de Caguas, P. R., del Distrito Judicial Municipal de Caguas, P. R., que forma parte del Distrito Judicial de Humacao, P. R., el referido acusado Mario Márquez, allí y entonces, ilegal, voluntaria y maliciosamente, violó lo dispuesto en el Art. 553 del Código, Ley Núm. 110, porque siendo dueño de una tienda de pulpería la tenía abierta al público y efectuaba transacciones con el público y le vendió al individuo Narciso Solá un rollo de papel de inodoro por medio de su dependiente Bonifacio Caballero, a sabiendas que dicho día era de fiesta legal (Día de Acción de Gracias), que es un día que deben permanecer cerrados al público todos los establecimientos comerciales e industriales sin efectuar transacciones comerciales de ninguna clase, violando de este modo lo dispuesto en la Ley Núm. 110 del Art. 553 del Código Penal. Hecho contrario a la ley."

La prueba no nos convence de que el acusado fuera dueño del establecimiento, mas el policía y el fiscal insisten en que se demostró que él era suficientemente el dueño para haber violado el artículo 553, supra. El policía dijo y continuó diciendo que el acusado representaba a su hermano. La patente figuraba claramente a nombre del hermano.

Sin embargo, en la denuncia se alegaba definitivamente que el acusado era dueño del establecimiento. En ella no había tentativa alguna de procesarle por tener el establecimiento abierto en representación de su hermano, conforme

sucedió en el caso de *El Pueblo* v. *Hiraldo,* 54 D.P.R. 639. Las palabras esenciales de la denuncia en dicho caso eran "...siendo representante o agente del establecimiento comercial de la propiedad de Juan G. Alberty." Toda la prueba tiende a demostrar que el acusado no era el dueño, sino que meramente tenía allí unas mesas de billar; que como su hermano estaba ausente el acusado lo representaba en aquel momento.

*Debe revocarse la sentencia y absolverse al acusado.*