GUILLERMO FLORES, demandante y apelante, *v.* JUAN S. BRAVO, ALCAIDE DE CÁRCEL DE DISTRITO DE SAN JUAN. demandado y apelado.

Número 10964.

*Sometido:* 1 de febrero de 1954. *Resuelto:* 28 de junio de 1956.

*Ernesto R. Rodríguez Aponte,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge y Rafael L. Ydrach Yordán, Fiscal Auxiliar, Tribunal Supremo,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del Tribunal.

El apelante fué denunciado en el Tribunal de Distrito, Sala de San Juan, por el delito de alterar la paz, y por dos infracciones a la Ley de Automóviles —manejar en estado de embriaguez y no obedecer la señal de detenerse— dádale por un agente de policía. Los casos fueron vistos conjuntamente y en todos ellos fué declarado culpable y sentenciado. Posteriormente presentó una petición de hábeas corpus en el Tribunal Superior, Sala de San Juan, atacando las sentencias y alegando que estaba encarcelado ilegalmente. Se expidió el auto, contestó el demandado, procediéndose entonces a la vista del recurso, que fué declarado sin lugar por la resolución apelada.

Apunta dos errores como fundamento para solicitar que revoquemos dicha resolución. Sostiene que se equivocó la corte sentenciadora "al apreciar la prueba y resolver que de acuerdo con las circunstancias de este caso el acusado estuvo debidamente asistido por abogado", y al decidir que el procesado que quiera usar del derecho que concede la Sección 11 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico, debe hacerlo solicitando copia de la acusación. ([1])

El apelante fué notificado de la fecha en que se procedería a la vista de las tres denuncias ante la Sala de San Juan del Tribunal de Distrito. Nombró abogado para que le representara. Éste no compareció en corte el día fijado para la celebración del juicio. De acuerdo con lo declarado por el magistrado que presidió la Sala, el apelante, al llamarse el caso para vista, manifestó al tribunal que no iba "a celebrar ningún juicio", porque su abogado había presentado una moción de suspensión, "y ese caso se suspende".

---

([1]) La Sección 11 del Artículo II de la Constitución del Estado Libre Asociado, lee en parte así:

"Sección 11.—En todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público, a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma, a carearse con los testigos de cargo, a obtener la comparecencia compulsoria de testigos a su favor, a tener asistencia de abogado, y a gozar de la presunción de inocencia".

Fué informado por la corte que la vista no sería pospuesta y que podía designar otro letrado para que le defendiera, lo que rehusó hacer, insistiendo en que le representara el que había sido nombrado por él. Se dió comienzo al juicio con respecto a la denuncia por alterar la paz y estando declarando un agente de policía, se percató la corte, al testificar sobre el estado de embriaguez en que encontró al apelante, de que en el expediente obraban las dos denuncias por infracción a la Ley de Automóviles, procediendo a nombrar un letrado para que le defendiera. El tribunal entregó a éste el expediente, y dicho letrado, después de conferenciar con el encausado por espacio de cinco o seis minutos, período durante el cual estuvo suspendido el juicio, alegó la inocencia de su representado, continuando entonces la vista de las tres denuncias, con la intervención de dicho abogado, quien procedió a repreguntar ampliamente al testigo.

Hemos expuesto en diversas ocasiones que no existe regla "que pueda ser aplicada automática e inflexiblemente", en todos los casos en que esté envuelta la cuestión de si el derecho a tener asistencia de abogado ha sido o no conculcado, "dependiendo cada caso de sus hechos y circunstancias peculiares", *Pueblo* v. *Pedrosa*, 63 D.P.R. 228. En el de autos estamos convencidos de que no debe prosperar la contención del apelante. Es de estricta aplicación lo que resolvimos en *Pueblo* v. *González*, 50 D.P.R. 195. Allí el encausado, al serle leída la acusación, alegó que tenía abogado defensor, y solicitó la suspensión del juicio hasta que éste compareciera. La corte se negó a suspenderlo y procedió a oír la prueba, dictando sentencia condenatoria, que más tarde fué atacada en apelación por varias razones, entre ellas, porque se le había negado "su derecho a estar representado por un abogado defensor". Decidimos la cuestión en sentido adverso, y al hacerlo nos expresamos así: "Es innegable que todo acusado tiene derecho a estar representado por abogado en el acto del juicio y que las cortes no deben privar a ningún acusado de ese derecho. De los autos no

aparece que haya habido en este caso privación alguna. El acusado fué notificado a tiempo del día y hora en que debía comparecer ante la corte, y era a él a quien incumbía comparecer con su abogado y sus testigos. Las cortes no están obligadas a alterar sus calendarios o el orden de sus asuntos. para adaptarlos a las conveniencias o a los caprichos de las. partes. Son las partes, cuando han sido debidamente citadas, las que deben comparecer ante la corte en el día y hora. señalados y esperar que llegue su turno para ser oídas. Sostener lo contrario sería introducir el caos y la anarquía en. los tribunales y hacer imposible la ordenada administración de justicia. Si el acusado en el presente caso tuvo que entrar en juicio sin la asistencia de abogado, de él y no de la. corte fué la culpa. No cometió ésta ningún error al proceder a la vista sin esperar la llegada del abogado''.

El apelante no demostró en la vista del recurso de hábeas. corpus que la Sala de San Juan del Tribunal de Distrito abusara de su discreción al no posponer el juicio. Si el abogado seleccionado por él presentó una moción de suspensión, no conocemos las razones que adujo para ello, puesto que la moción no consta en autos. Estos revelan que dicho abogado no compareció a la vista; que el apelante sí lo hizo en persona para decir en efecto, como hemos visto que declaró el juez que presidió la Sala—descansando el apelante en la ausencia del abogado—que no se encontraba en el tribunal para la celebración del juicio, sino para suspenderlo, porque su abogado había pedido la posposición.

Considerando las circunstancias que concurren en el caso de autos, no estamos justificados en atribuir a la corte sentenciadora el haber privado al apelante del derecho a asistencia de abogado, *Pueblo* v. *González*, supra; *Pueblo* v. *Montaner*, 61 D.P.R. 120, derecho que él conocía y ejercitó oportunamente, y que en ningún caso puede significar que se trasladan y conceden al acusado el dominio y control sobre los calendarios judiciales, dejándole que sea quien resuelva cuándo procede la suspensión de un juicio, o en otras palabras, cuándo es que ha de ventilarse la causa.

El hecho de que luego de comenzada la vista optara dicha corte por nombrarle un letrado para que le representara, no coloca al apelante en mejor posición para invocar la falta de protección de su derecho a asistencia de abogado, que aquélla en que estaba antes de designársele, luego de presentarse a juicio sin el letrado de su elección, sin dar al tribunal sentenciador ninguna explicación aceptable de por qué dicho letrado no había hecho acto de presencia. En adición a lo expuesto, no está demás apuntar que las causas, ni por su naturaleza ni por ninguna otra circunstancia, fueron complicadas. Las denuncias fueron vistas conjuntamente, declarando un sólo testigo de cargo, que fué repreguntado extensamente por el abogado nombrado por dicho tribunal, quien también interrogó al apelante al éste declarar en su defensa.

■■ Pasamos a considerar la contención del apelante de que debió prosperar el recurso porque no le fueron entregadas copias de las denuncias. Esa cuestión por regla general no es revisable en hábeas corpus, y sí mediante apelación, siempre que el procesado no haya renunciado el derecho a recibir copia de la acusación. Sin decidir que no pueda utilizarse el citado recurso en ningún caso en que se conculque ese derecho, es obvio que ello no procede en el de autos en vista de que es renunciable por el inculpado, sea concedido por disposición constitucional o por disposición estatutaria, y en efecto fué renunciado por el apelante al no reclamarlo a tiempo, 1 Bishop's *Criminal Procedure*, sec. 126.1, pág. 95; *Aldridge* v. *United States*, 47 F.2d 407; *State* v. *West*, 134 So. 243 (La.), a pesar de que tuvo la oportunidad de hacerlo, toda vez que fué notificado de la fecha señalada para la vista de las denuncias presentadas en su contra. En ningún momento solicitó copia de las mismas, y en la petición de hábeas corpus es cuando por primera vez plantea la cuestión.

*La resolución apelada deberá ser confirmada.*