RAMÓN SERRANO LÓPEZ, peticionario y apelante, *v.* GERARDO DELGADO, ALCAIDE DE LA PENITENCIARÍA ESTATAL DE PUERTO RICO, demandado y apelado.

Número 12168.

*Sometido:* 20 de marzo de 1958. *Resuelto:* 24 de marzo de 1958.

*Ramón Serrano López,* por su propio derecho; *Hon. Secretario de Justicia J. B. Fernández Badillo, Arturo Estrella, Secretario de Justicia Auxiliar* y *Alfredo Archilla Guenard* y *William Fred Santiago, Fiscal* y *Fiscal Auxiliar del Tribunal Supremo,* respectivamente, abogados del apelado.

*PER CURIAM:* El peticionario fué convicto y sentenciado por Tribunal de Derecho a cumplir una pena indeterminada de 10 a 12 años de presidio por un delito de Tentativa Contra Natura en grado subsiguiente. Más tarde radicó ante el Tribunal Superior, Sala de San Juan, un recurso de hábeas corpus que luego fué trasladado a la Sala de Caguas, alegando que no tuvo la debida asistencia de abogado en el juicio. Celebrada la vista del recurso, el Tribunal lo declaró sin lugar. El peticionario apeló para ante este Tribunal.

Su único señalamiento es que el tribunal a quo cometió error al declarar sin lugar el recurso de hábeas corpus.

■ La prueba aducida por el peticionario en la vista del recurso de hábeas corpus—según la resume el Fiscal de este Tribunal—consistió en su propio testimonio que puede resumirse de la manera siguiente:

"A fines del mes de diciembre fué citado para la lectura de la acusación y estuvo representado en la misma por el Lcdo. Mimoso que hizo alegación de inocencia y pidió juicio por jurado. Más tarde el Juez que presidía le designó al Lcdo. José González Quiñones para que lo defendiese. Que no vió más a este abogado. El día del juicio (7 de septiembre de 1954) este abogado no compareció y le fué nombrado como abogado el Lcdo. Díaz Marxuach. Era su deseo que el caso se viese por jurado y se vió por Tribunal de Derecho, sin él haber renunciado a ello. Que él no cometió el delito y sí fué un rancho que le hicieron dos enemigos de él. (T. E. 2–4.)

"Al terminar el peticionario su testimonio el Tribunal dijo:

" 'Se declara con lugar el hábeas corpus. Del récord aparece que compareció Díaz Marxuach en representación de González Quiñones.'

"Acto seguido, el Ministerio Público pidió la reconsideración de lo dictado y solicitó una oportunidad para presentar su prueba, que consistió en el testimonio del Lcdo. Díaz Marxuach, y que podría resumirse así:

"Que para el mes de setiembre de 1954, defendió al aquí peticionario del delito de contra natura con alegación de subsiguiente. Indicó que ese día fué nombrado abogado defensor del aquí peticionario y representaba al mismo tiempo a su compañero González Quiñones, quien no pudo venir y con quien tiene una oficina en sociedad ya que trabajan juntos. Manifestó que ya conocía del caso por su asociación con el Lcdo. González Quiñones. Continuó declarando que antes de entrar a juicio conferenció con el acusado y luego de esa entrevista indicó al Tribunal encontrarse preparado para entrar a juicio.

"A preguntas del Juez dijo que al hacer el anuncio de que estaba listo, manifestó que sí que estaba listo y que podía entrar a juicio. (T. E. 5 y 6.)

"Una vez que terminó el testigo del Pueblo, el Peticionario declaró que el Lcdo. Díaz Marxuach 'no tuvo mayor entrevista conmigo, se fué al cuartito y me dijo, esto es una cosa muy fea, hágase culpable. Yo le dije, el que ha cometido un delito es culpable, yo no hice eso, eso lo hicieron esos dos individuos por cosas personales'. (T. E. 7.)

"Una vez terminados los argumentos de ambas partes el Tribunal dijo:

" 'El Tribunal después de oída la prueba presentada en el hábeas corpus entiende que usted estuvo debidamente asistido de abogado, que hizo la renuncia según aparece primero a través del abogado y después ratificada por usted, y se procedió a ver el caso por Tribunal de Derecho y el Tribunal después de oída la prueba lo declaró culpable. En tal virtud se declara sin lugar el hábeas corpus. Puede retirarse.' (T. E. 7.)"

El día de la lectura de la acusación se nombró al Lcdo. José González Quiñones para que le asistiera en la vista del proceso. Dicho letrado no pudo comparecer al juicio pero lo hizo a nombre suyo, su compañero de oficina, el Lcdo. Díaz Marxuach, quien además fué nombrado abogado de oficio del acusado. Díaz Marxuach conocía el caso y después de conferenciar con el acusado le defendió en el proceso. No puede decirse que como ocurrió en el caso de *Pueblo* v. *Caride*, 71 D.P.R. 237, el nombramiento del Lcdo. Díaz Marxuach fuera uno pro forma. Véase *Pueblo* v. *Rodríguez*, 69 D.R.R. 980. Concluímos que al peticionario no se le privó de su derecho constitucional de asistencia de abogado.

■ Ahora bien, la pena impuesta al peticionario por el Tribunal Superior, Sala de Caguas, no se ajusta a derecho y la misma debe ser anulada. El acusado debe ser resentenciado de conformidad con las disposiciones de los arts. 50, 56(2) y 278 del Código Penal, [33 L.P.R.A., secs. 96, 131 y 1118] y con la doctrina expuesta en los casos de *Pueblo* v. *Tribunal Superior*, 78 D.P.R. 143 y *Sánchez* v. *Angeli, Alcaide*, 80 D.P.R. 154, respecto a la razonabilidad del margen entre el mínimo y el máximo de la pena.