Cecilio Hernández Martínez, peticionario y apelante, *v.* Gerardo Delgado, Jefe de la Penitenciaría Estatal de Puerto Rico, recurrido y apelado.

Número 12707.

*Sometido:* 24 de abril de 1961.   *Resuelto:* 26 de abril de 1961.

---

*José A. Suro*, abogado del apelante; *J. B. Fernández Badillo, Procurador General*, y *Carlos G. Látimer, Procurador General Auxiliar*, abogados del apelado.

*Per Curiam:* El peticionario-apelante Cecilio Hernández Martínez fue convicto en 27 de agosto de 1954 por los delitos de ataque para cometer asesinato e infracción al artículo 4 de la Ley de Armas, siendo sentenciado a penas indeterminadas de 3 a 10 años y de 1 a 5 años de presidio, respectivamente. Presentó una petición de hábeas corpus en la cual alega que dichas convicciones son nulas por no haber tenido la debida asistencia legal en el acto del juicio.

Expedido el auto, se celebró la vista correspondiente ante el Tribunal Superior, Sala de Caguas. La prueba del peticionario consistió en su propia declaración al efecto de que en el acto de la lectura de la acusación se le nombró al Lic. José E. González para que le representara y que hizo alegación de inocencia; que en el acto del juicio le representó el Lic. Francisco García Casanova, quien fue designado ese mismo día por encontrarse enfermo el Lic. González; que el tribunal le concedió diez minutos a dicho abogado para que se entrevistara con el acusado, y que dicho abogado le aconsejó se declarara culpable, a lo cual se negó; que entraron a juicio y que "si a él le hubiesen dado el tiempo suficiente para preparar mejor mi defensa hubiese salido mejor." El juez recurrido le preguntó al peticionario porqué el peticionario no alegó que no había tenido tiempo para conferenciar con sus abogados cuando el tribunal inquirió de las partes si estaban preparados para entrar al juicio. El peticionario no respondió a esta pregunta. El Ministerio Público ofreció el testimonio del Lic. Francisco Díaz Marxuach, quien manifestó que representó al acusado en unión al Lic. García Casanova; que ambos se entrevistaron con el peticionario en la oficina del alguacil y que "después de un cambio de impresiones con el acusado y *de ver la prueba* decidimos entrar a juicio

renunciando el jurado; que se celebró la vista en la cual declaró el acusado y los testigos; que cuando el tribunal les preguntó si estaban listos para ver el caso, le respondieron afirmativamente "porque habíamos hablado con el acusado y visto la prueba de él"; que el tribunal les concedió diez minutos para entrevistar al acusado, pero que conferenciamos con éste por más de media hora, y ratificó que entraron a juicio porque tenían el caso preparado.

Se declaró sin lugar la petición de hábeas corpus.

En *Pueblo* v. *Caride*, 71 D.P.R. 237 (1950) establecimos que la mera designación de un abogado para que asista al acusado hecha al llamarse el caso para juicio, sin ofrecérsele una oportunidad razonable para conferenciar con el acusado y colocarse en condiciones de hacer una defensa efectiva, demuestra que la designación y comparecencia fue más bien *pro forma* que diligente y activa, y no cumple con la adecuada asistencia de abogado que se le garantiza constitucionalmente a todo acusado. La prueba demostró que el tribunal sentenciador había hecho la designación del abogado al llamarse el caso para juicio; que el abogado indicó que estaba listo para juicio y manifestó que "el acusado *acaba de decirme* que él tiene dos testigos que están presos en la cárcel"; que se gestionó la comparecencia de dichos testigos, pero el récord no demostró si estos estuvieron presentes y declararon. En *Pueblo* v. *Muriel*, 57 D.P.R. 914 (1941) los hechos revelaron que el acusado fue defendido por dos abogados designados por el tribunal al llamarse el caso para juicio; que el acusado manifestó que no había podido citar los testigos para su defensa y suplicó se le concedieren dos o tres días "para la defensa de mi abogado"; que el tribunal declaró un receso para que los abogados designados tuvieran oportunidad de conferenciar con el acusado; y que no hay constancia de que se celebrara tal conferencia. Bajo tales circunstancias resolvimos que el nombramiento fue una pura formalidad y que el derecho a asistencia legal incluye, no

sólo la designación, sino la oportunidad de cumplir la misión de defender al acusado en forma eficiente, bien y fielmente. Véanse además, *Pueblo* v. *Flecha*, 70 D.P.R. 685 (1949) y *Pueblo* v. *Rivera*, 77 D.P.R. 664, 672 (1954). En el caso más reciente de *Serrano* v. *Delgado*, 80 D.P.R. 221 (1958) la prueba demostró que el tribunal le designó abogado al acusado al llamarse el caso para juicio y le concedió la oportunidad de entrevistarse con el acusado, y luego de la conferencia indicó encontrarse preparado para entrar a juicio. Sostuvimos que contrario al caso de *Caride*, supra, no puede decirse que el nombramiento de abogado para defender al acusado fuera uno pro forma. Cf. *Pueblo* v. *Morales*, 54 D.P.R. 106 (1939).

No hay duda alguna de que de acuerdo con el estado de nuestra jurisprudencia el derecho a asistencia legal incluye, no sólo la designación de un abogado para que represente al acusado en el acto del juicio, sino también una oportunidad razonable para preparar la defensa. Para determinar si esta oportunidad ha sido ofrecida deben considerarse las circunstancias que han rodeado el caso, y especialmente (*a*) la naturaleza del delito imputado; (*b*) si solicitada la suspensión por impreparación, ésta fue negada; (*c*) el período de tiempo concedido al abogado designado para conferenciar con el acusado; y (*d*) si el acusado pudo presentar testigos de defensa. *Powell* v. *Alabama*, 287 U.S. 45 (1932); *Lloyd* v. *State*, 170 N.E.2d 904 (Ind., 1960); *People* v. *Tomaselli*, 165 N.E.2d 551 (N.Y., 1960); *State* v. *Howard*, 116 So.2d 43 (La., 1959) certiorari denegado 361 U.S. 875 (1959); *Torres* v. *United States*, 270 F.2d 252 (C.A. 9, 1959); *Creed* v. *United States*, 156 A.2d 676 (D.C., 1959); *Smith* v. *State*, 110 S.E.2d 635 (Ga., 1959); *State* v. *Blakeslee*, 306 P.2d 1103 (Mont., 1957).

Un estudio de la prueba presentada en la vista de la petición de hábeas corpus, nos ha convencido que el presente caso se rige por el de *Serrano* v. *Delgado*, supra, y que apli-

cando la doctrina expuesta anteriormente sobre la oportunidad de preparar la defensa, no puede decirse que se prive al acusado de su derecho a asistencia legal.

*La sentencia dictada será confirmada.*