EDELMIRO DÍAZ PELLICIER, peticionario y apelante, *v.* GERARDO DELGADO, Jefe de la Penitenciaría Estatal de Puerto Rico, demandado y apelado.

*Número:* AP–62–16 *Resuelto:* 16 de noviembre de 1962

*José Rafael Martínez,* abogado designado por este Tribunal para ofrecer asistencia legal al apelante; *J. B. Fernández Badillo, Procurador General, y Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: El apelante impugnó mediante recurso de hábeas corpus las sentencias que le fueran impuestas por los delitos de mutilación en grado subsiguiente y portación de armas alegando que no tuvo la debida asistencia legal durante el proceso que culminó en las convicciones. El tribunal de instancia declaró el recurso sin lugar, y para el trámite apelativo designamos al Lic. José Rafael Martínez para que le ofreciera al peticionario la ayuda legal necesaria.

La prueba que desfiló demuestra que el acusado estuvo asistido durante la vista de los casos indicados por el Lic. Diego E. Ramos, quien lo entrevistó en dos ocasiones antes del juicio; que el apelante le manifestó que no disponía de testigos de defensa y le admitió la comisión del delito de mutilación; que ante esta situación, y una vez advertido por el magistrado que presidía del derecho a juicio por jurado y a presentar testigos, indicó su deseo de declararse culpable, como en efecto lo hizo; que en cuanto al delito de portación de armas, se celebró el juicio y, por el resultado de la prueba, el tribunal lo declaró culpable.

Consideradas todas las circunstancias, no puede afirmarse que el apelante sólo tuvo una defensa *pro forma, Pueblo* v. *Muriel,* 57 D.P.R. 914 (1941), sino que estuvo adecuadamente representado durante el curso del juicio, *Hernández* v. *Delgado,* 82 D.P.R. 488 (1961) y casos allí citados.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Arecibo, en 4 de mayo de 1959.* [1]

---

[1] Resulta claramente inexplicable que se tomara más de dos años para elevar el expediente de apelación ante este Tribunal, especialmente cuando la transcripción de evidencia consta de escasamente ocho folios. Los tribunales de instancia deben velar porque en los casos en que se concede el beneficio de pobreza no se demore injustificadamente la preparación de la transcripción.