José Orona Merced, peticionario y apelante, *v.* Tomás E. Alcalá, etc., demandado y apelado.

*Número:* AP–62–46 *Resuelto:* 11 de marzo de 1963

*José E. Villares,* abogado designado por el Tribunal Supremo para asistir al apelante, en el ejercicio de su derecho de apelación; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados del apelado.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El Tribunal de Distrito, Sala de Ponce, sentenció al apelante a cumplir un año de cárcel por el delito de acometimiento y agresión grave y a otro año de cárcel por el delito de portar armas.

Estando cumpliendo dichas sentencias radicó un recurso de Hábeas Corpus ante el Tribunal Superior, Sala de Ponce, alegando que no había tenido la debida asistencia de abogado. Librado el auto y celebrada la vista correspondiente, dicho Tribunal dictó sentencia declarando sin lugar la petición de Hábeas Corpus.

Apeló el peticionario para ante este Tribunal imputándole al tribunal sentenciador como único error, el haber concluido que el acusado había tenido la debida asistencia de abogado.

El peticionario-apelante tenía cuatro casos ante el Tribunal de Distrito. Alegó que había contratado los servicios del Lcdo. Pierluisi para que lo representara en dichos casos

y que le había pagado sus honorarios. Surge del récord que dichos casos fueron suspendidos en cuatro o cinco ocasiones. En el último señalamiento el Tribunal de Distrito le nombró abogado de oficio al Lcdo. Pizarro Lago a quien se unió con permiso del Tribunal, el Lcdo. Ayala Cádiz. También surge del récord que los abogados de oficio solicitaron tiempo para conferenciar con el acusado y el Tribunal les concedió todo el que fuera necesario. Mientras tanto continuó la sesión del Tribunal en la ventilación de otros casos.

Cuando los abogados consideraron que estaban listos para entrar a juicio lo informaron así al Tribunal y se procedió a su celebración. Los cuatro casos se vieron conjuntamente. En dos de ellos fue absuelto y condenado en los otros dos.

En la vista del Hábeas Corpus el peticionario declaró que solamente había conferenciado con sus abogados por espacio de cinco minutos. Sin embargo declaró también que el Lcdo. Ayala lo había defendido bien y que lo felicitó al terminar el juicio aunque aclaró que lo hizo por un deber de cortesía.

Si el acusado entró a juicio sin la asistencia del abogado de su selección fue suya la culpa y no del tribunal. La vista de esos casos no podía suspenderse indefinidamente hasta que el acusado pudiera asistir a juicio con su abogado. Amplia oportunidad tuvo para ello. De accederse a las pretensiones del acusado sería concederle el control y dominio de los calendarios judiciales. Entendemos que no se privó al peticionario de su derecho a estar representado por un abogado de su selección. *Flores* v. *Bravo*, 79 D.P.R. 505; *Pueblo* v. *González*, 50 D.P.R. 195.

Por otro lado, consideramos que el acusado tuvo una oportunidad razonable para preparar su defensa.

Ya dijimos que el Tribunal concedió al acusado el tiempo que fuera necesario para conferenciar con los abogados de

oficio y que cuando éstos consideraron que estaban listos, entraron a juicio. El récord indica que el acusado estuvo conforme con la defensa que le hicieron los dos abogados de oficio. El juicio se prolongó durante casi toda la tarde y ya sabemos que en dos de los casos el acusado fue absuelto. No se ha demostrado que se privara al acusado de su derecho a asistencia legal. Véase *Hernández* v. *Delgado*, 82 D.P.R. 488 y *Serrano* v. *Delgado*, 80 D.P.R. 221.

*Se confirmará la sentencia apelada.*