JORGE ANDINO RONDÓN, peticionario y apelante, *v.* GERARDO DELGADO, ETC., demandado y apelado.

*Número:* AP-64-10      *Resuelto:* 28 de enero de 1965

*Doris C. Figueroa,* abogada designada por el Tribunal Supremo para ofrecer asistencia legal al apelante; *J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados del apelado.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El peticionario fue convicto por cuatro delitos de acometimiento y agresión grave cometidos con una cuchilla en las

personas de varias mujeres, familiares ellas entre sí. Apeló de dichas convicciones y luego presentó ante el Tribunal Superior un recurso de hábeas corpus alegando que durante el juicio por dichos delitos no tuvo asistencia legal adecuada. El Tribunal Superior expidió el auto y luego de la correspondiente vista declaró sin lugar el recurso. De esa sentencia el acusado apeló ante nos y señala los siguientes dos errores:

1. "Cometió error revocable el Tribunal inferior al declarar sin lugar el Recurso de Hábeas Corpus en el fundamento de que no se puede desistir de una apelación para radicar un Recurso de Hábeas Corpus."

2. "Cometió error revocable el Tribunal inferior al apreciar que el abogado que asistió al acusado durante el juicio, conferenció con él ampliamente e interrogó ampliamente a los testigos que declararon durante la vista de los casos contra el acusado."

En el segundo error señalado se alega que el acusado no tuvo una defensa adecuada en el acto del juicio. Sobre este punto hubo un conflicto en la prueba, el cual fue resuelto adversamente para el apelante.

El acusado se presentó a juicio sin abogado. El tribunal le designó uno, el Lcdo. Arnaldo Sánchez Recio. El acusado declaró que el Lcdo. Sánchez Recio no lo interrogó; que sólo habló con él como dos minutos; que él le informó al abogado que tenía tres testigos pero que éste no hizo caso; que el Pueblo presentó cinco testigos de cargo y su abogado defensor no les hizo ni una sola pregunta; que tampoco le hizo preguntas a él cuando él declaró.

El Lcdo. Sánchez Recio declaró que él conferenció con el acusado por espacio de una hora o de hora y media; que mientras conferenciaban el Tribunal siguió viendo otros casos; que le preguntó al acusado si tenía testigos y éste contestó que no; que se concretaba a decir que todo eso era un rancho; que aunque trató no pudo obtener del acusado más información. Declaró también el abogado defensor que el juicio duró como hora y media; que él contrainterrogó am-

pliamente a los testigos del pueblo; que el acusado declaró; que fue interrogado por él; que el acusado "empezó a hablar sobre derechos constitucionales como por 15 minutos" y el Tribunal le dijo que sus derechos serían garantizados.

El acusado prentende que creamos que el Tribunal Superior, que le nombró su abogado defensor, toleró que transcurriese el juicio, en el cual declararon por lo menos 6 personas, mientras el defensor no hacía nada en descargo de su deber. Creemos que es correcta la apreciación de la prueba que hizo el Tribunal de instancia. La prueba sostiene ampliamente la conclusión de que la defensa del acusado fue *bona fide* y no *pro forma*. *Pueblo* v. *Pardo Toro*, 90 D.P.R. 635 (1964); *Hernández* v. *Delgado*, 82 D.P.R. 488 (1961); *Pueblo* v. *Torres*, 81 D.P.R. 678 (1960). No se cometió el segundo error señalado. Habida cuenta de la conclusión a que hemos llegado se hace innecesario discutir el primer error.

*Se confirmará la sentencia apelada.*