Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.

---

El Pueblo, Demandante y Apelado, *v.* Rosenstadt & Waller, Inc., Acusada y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en causa por infracción a la Ley de Salario Mínimo.

No. 1524.—Resuelto en diciembre 10, 1920.

Ley del Salario Mínimo — Acusación Suficiente — Alegación Innecesaria — Definición del Delito.—En una acusación formulada por infracción de la

Ley del Salario Mínimo no es necesario alegar que la trabajadora perjudicada no era una aprendiz, (excepción que determina la ley,) pues cuando se incorpora una excepción a un estatuto penal de tal modo que forme parte de la definición del delito, tal excepción debe ser negada en la acusación; pero si por el contrario, definido el delito éste contiene una excepción que se expresa más adelante, como sucede en el presente caso, es el acusado quien debe alegar que se encuentra comprendido en el beneficio de la excepción.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. L. Mendín* y *O. B. Frazer.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Ronsenstadt & Waller, Inc., fué declarada culpable de un delito de infracción a la ley de salario mínimum, aprobada en 9 de junio de 1919, leyes de esa sesión, Núm. 45. El caso en la mayoría de sus particulares debe resolverse por la opinión y sentencia del caso *El Pueblo* v. *Alvarez,* resuelto en diciembre 9, 1920, (*pág. 937*). El apelante, sin embargo, también sostiene que la acusación es defectuosa porque en ella no se excluye el caso que puede ocurrir de que la mujer empleada sea una aprendiz, excepción que determina el estatuto. La ley prescribe lo siguiente:

"Sección 1.—Será ilegal por parte de cualquier patrono que empleare mujeres, niñas inclusive, en ocupaciones industriales, comerciales, y de servicio público, pagarle un salario menor del especificado en esta sección, a saber: menores de 18 años a razón de cuatro (4) dólares semanales y mayores de esa edad a razón de seis (6) dólares semanales. Exceptúase de lo dispuesto en esta sección las tres primeras semanas de aprendizaje. Las disposiciones de este Ley no serán aplicables a la agricultura ni a las industrias agrícolas."

Cuando se incorpora una excepción en un estatuto penal de tal modo que forme parte de la definición del delito, tal excepción debe ser negada en cualquier acusación que se formule de acuerdo con dicho estatuto. *El Pueblo* v. *Cortés,* 24 D. P. R. 208. Si por el contrario se define primero el delito y éste contiene una excepción que luego se enumera, el beneficio de la excepción debe presentarse como defensa. *U. S.* v *Cook,* 17 Wall 168; *El Pueblo* v. *Cortés, supra,* 16

C. J. 353; *Nesbit* v. *State*, 54 Pac. 326, 328; *Rider* v. *Lakewood Market Co.*, 88 A. 194, 196.

Un mero examen del estatuto demuestra que el caso de un simple aprendizaje no es parte de la definición del delito, sino una clara excepción del mismo prescrita separadamente en una cláusula independiente. El no ser un aprendiz no forma parte de la definición.

Debe resolverse que la acusación es suficiente y por las razones consignadas en el caso de *El Pueblo* v. *Alvarez, supra,* debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.