EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ENRI-QUE GIRAUD, acusado y apelante.

Núm. 6246.—*Sometido:* Junio 4, 1937. *Resuelto:* Julio 16, 1937.

**32**

*C. Domínguez Rubio* y *L. Domínguez Rovira,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Enrique Giraud fué denunciado ante la Corte Municipal de Guayama por una infracción a la Ley del Trabajo—Núm. 49 de 1935—consistente en haber tenido trabajando el 13 de diciembre de 1935 en su puesto de gasolina a su empleado Rosalí Rivera por espacio de más de diez horas. La corte municipal dictó sentencia condenatoria y de ella apeló Giraud para ante la corte del distrito.

Llamada la causa para celebrar el juicio de nuevo, el acusado presentó una excepción perentoria a la denuncia que fué desestimada. Practicada la prueba, la corte declaró culpable al acusado y le impuso veinte y cinco dólares de multa y en defecto de pago un día de cárcel por cada dólar que dejare de satisfacer. No conforme, apeló para ante este tribunal. Sostiene en su alegato que la corte erró al desestimar su excepción previa y al considerar suficiente la prueba.

La excepción la basó el acusado en que los hechos que se le imputaban no constituían delito por ser la ley que se alegaba infringida anticonstitucional y en que la denuncia era insuficiente porque en ella no se alegaba que no se pagara a Rivera por las horas extras que se le tuvo trabajando, ni que el 13 de diciembre de 1935 fuera un día normal, es decir, que no ocurriera en él evento extraordinario alguno.

La sección primera de la Ley núm. 49 de 1935, leyes de 1935, sesión especial, pág. 539, cuya violación se imputa al acusado, prescribe:

"A ninguna persona se le empleará o se le permitirá que trabaje en ningún establecimiento comercial, industrial, agrícola o en cualquier otro negocio lucrativo, más de ocho (8) horas durante cualquier día natural, excepto cuando ocurriere cualquier evento extraordinario, o cualquiera emergencia causada por fuego, hambre o inundación, por peligro a la vida, a la propiedad, a la seguridad o salud pública, o en cualquiera otra circunstancia especial, siempre que el Gobernador de Puerto Rico, por recomendación del Comisionado del Trabajo declarare subsiguientemente que las disposiciones de esta Ley no deberán aplicarse a estos casos excepcionados y que por lo tanto las infracciones cometidas han sido excusables; *Disponiéndose*, que la limitación de ocho (8) horas establecida por esta sección, y en todos los trabajos normales, fuera de las excepciones ya anotadas, puede ser ampliada a un período que no excederá de nueve (9) horas durante cualquier día natural, a condición de que a toda persona de ese modo empleada a salario, jornal o en otra forma, por más de ocho (8) horas durante cualquier día natural, se le pagará por el trabajo que haga durante tal período extra, a un tipo que sea doble del salario que se le esté pagando por hora de trabajo precedentes."

Recientemente en el caso de *M. Taboada y Co.* v. *Rivera Martínez, Comisionado*, 51 D.P.R. 253, esta corte resolvió que esa ley era constitucional. Los argumentos que contiene el alegato del apelante, no nos convencen de lo contrario. La decisión se ratifica.

Tampoco tiene razón el apelante al impugnar la resolución de la corte de distrito en cuanto a los otros motivos que tuvo para desestimar su excepción. Dicha corte decidió que no era necesario alegar en la denuncia lo que sostenía el apelante que debía alegarse, a saber: no pago de las horas extras de trabajo y no ocurrencia de evento extraordinario, por tratarse de cuestiones a suscitar por la defensa.

Conocemos la ley. La denuncia sigue las palabras del estatuto. El delito consiste en hacer trabajar al empleado o permitirle que trabaje en el negocio lucrativo del patrono

más de ocho horas en cualquier día natural. Es cierto que existen las excepciones que la propia ley especifica, pero la jurisprudencia tiene establecido que cuando una excepción se incorpora en un estatuto penal de tal modo que forme parte de la definición del delito, la excepción debe negarse en la acusación, pero cuando el delito se define y la excepción o excepciones se enumeran luego, el beneficio de la excepción debe ser alegado como defensa. *El Pueblo* v. *Paniagua,* 34 D.P.R. 105; *El Pueblo* v. *Rosenstadt & Waller, Inc.,* 28 D.P.R. 952 y casos citados en el mismo. Y aquí las excepciones no forman parte de la definición del delito, si que se enumeran después de haberse el delito definido.

En relación con la excepción invocó también el acusado la existencia del artículo 553 del Código Penal, enmendado por la Ley núm. 54 de 1930, leyes de 1930, pág. 409, que exime a los garages de sus prescripciones sobre cierre de establecimientos para sostener que esa ley hacía inaplicable la del trabajo a los garages.

No está bien fundada su contención. Ambas leyes, la del trabajo y la del cierre con sus excepciones son armónicas y por lo tanto pueden coexistir. El hecho de que el legislador permita que determinados establecimientos puedan realizar negocios continuamente, día y noche, no quiere decir que abandone en cuanto a ellos su regulación del período de tiempo durante el cual los empleados deben trabajar. Unos empleados pueden ser sustituídos por otros y ambas leyes cumplirse en su letra y en su espíritu.

No cometió, pues, la corte los errores que se le atribuyen en relación con su resolución de las cuestiones previas que ante ella suscitó el acusado.

Tampoco erró al pesar la prueba. Hemos examinado cuidadosamente toda la evidencia aportada por una y otra parte y a nuestro juicio sostiene el fallo condenatorio dictado.

*Debe declararse el recurso sin lugar y confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.