*Debe confirmarse la sentencia apelada.*

El Pueblo de Puerto Rico, demandante y apelado, *v.* Agustín Soler, acusado y apelante.

Núms. 10138, 10139 y 10140.—*Sometidos: Noviembre 3, 1943. Resueltos:* Diciembre 7, 1943.

*Angel Muñoz Igartúa,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo, y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Interino Señor Travieso emitió la opinión del tribunal.

La sección 1 de la Ley núm. 49 aprobada en agosto 7 de 1935 ((2) pág. 539) dispone que "a ninguna persona se le empleará o se le permitirá que trabaje en ningún establecimiento comercial, industrial, agrícola o en cualquier otro negocio lucrativo más de ocho (8) horas durante cualquier día natural." La misma sección establece las siguientes excepciones:

(*a*) Cuando ocurriere cualquier evento extraordinario o una emergencia causada por fuego, hambre o inundación o cuando corriere peligro la vida, la propiedad, la seguridad o la salud pública, siempre que el Gobernador declare subsiguientemente que las infracciones cometidas han sido excusables.

(b) La limitación de ocho horas establecida para todos los trabajos normales "puede ser ampliada a un período que no excederá de nueve (9) horas durante cualquier día natural" a condición de que a la persona así empleada se le pagará por el trabajo que haga durante el período extra, a un tipo que sea doble del salario que se le esté pagando por hora regular de trabajo.

Ante la Corte Municipal de Manatí se radicaron tres denuncias contra Agustín Soler, capataz de una explotación agrícola dedicada a colonia de caña, perteneciente al patrono Florida Agrícola Co. En cada una de dichas denuncias se le imputó una infracción de las disposiciones de la sección 1 de la citada ley de 1935, consistente en haber permitido que un empleado de la citada colonia trabajara "desde las 6.00 A. M. hasta las 12.00 A. M. y desde las 12.30 P. M. hasta las 4.30 P. M., o sea más de ocho horas en el referido día, no existiendo evento extraordinario o emergencia, ni ninguna otra circunstancia especial, etc."

Vistos los tres casos conjuntamente ante la Corte de Distrito de Arecibo, el acusado fué declarado culpable de las tres alegadas infracciones y condenado en cada uno de los tres casos al pago de una multa de $100 o prisión subsidiaria, más las costas. No estando conforme con dichas tres sentencias, apeló el acusado. Los tres recursos fueron vistos conjuntamente y sometidos por un solo alegato. Sostiene el apelante que la corte inferior erró al declarar sin lugar las excepciones perentorias interpuestas contra las tres denuncias, al apreciar la prueba, y al actuar con pasión, prejuicio y parcialidad en contra del acusado durante todo el curso de la vista.

Las tres denuncias son a nuestro juicio suficientes para informar al acusado en cuanto a la naturaleza de la infracción que se le imputá. La sección 4 de la Ley núm. 49 de 1935 dispone que la palabra "patrono" "incluye toda persona natural o jurídica y el administrador, superintendente, *capataz,* mayordomo y representante de dicha persona

natural o jurídica''. La sección 8 de la misma ley dispone que ''todo patrono que infrinja esta ley, o alguna sección o disposición de la misma, será culpable de delito menos grave (*misdemeanor*) etc.'' En las denuncias se alega que el acusado, siendo capataz del patrono Florida Agrícola Co., permitió que un empleado de dicho patrono trabajara en el día 18 de abril de 1941 durante diez horas. La ley impone al capataz la misma obligación que impone al patrono—la de no permitir a los empleados trabajar más de ocho horas durante cualquier día natural. No erró la corte inferior al desestimar las excepciones perentorias. Véase: *Pueblo* v. *Giraud,* 52 D.P.R. 31, 33.

 Examinemos la prueba. La ofrecida por el Fiscal fué como sigue:

Emilio Tirado Parés, Supervisor de Distrito del Departamento del Trabajo, declaró: que el 18 de abril de 1941 estuvo en la colonia ''Fortuna'' cuando ya habían pasado las 4.30 de la tarde y todavía estaban trabajando en la colonia que representaba el acusado como capataz; que no sabe de propio conocimiento a qué hora empezaron a trabajar esos obreros; que él llegó allí después de las cuatro y no estuvo allí en el resto del día.

Francisco Jiménez Valle, declarando en relación con el caso núm. 6198 (recurso núm. 10,138) dijo: que el 18 de abril de 1941 estuvo trabajando con el acusado en la colonia Fortuna, llenando *trucks;* que él le informó al empleado del Departamento del Trabajo que habían trabajado más de ocho horas; que trabajaron 9 horas y no les pagaron la hora extra.

Fernando Abrahams Méndez, declarando en cuanto al caso núm. 6199 (recurso núm. 10,139) dijo: que el 18 de abril estuvo trabajando en ''La Fortuna'' con Agustín Soler como capataz, llenando cañas; que en ese día trabajó diez horas, empezando a las 6 de la mañana y terminando a las 4.30 P. M.; que entró al trabajo a las 6, salió a almorzar a las 12, volvió al trabajo a las 12.30 y salió a las 4.30; que no le

pagaron las dos horas extra; que todas las personas que trabajaron allí ese día empezaron a trabajar a la misma hora y terminaron a la misma hora; que no recuerda cuál fué el día en que trabajó 10 horas y no le pagaron las horas extra; que el día que no le pagaron fué jueves y que el día que estuvo allí el Agente del Trabajo fué el viernes.

Julio Carrión, testigo ofrecido por el fiscal para sostener la denuncia en el caso núm. 6200 (recurso núm. 10,140) declaró: que el día de autos trabajó en la colonia llenando trucks; que entró a trabajar a las 6 de la mañana, salió a las 12, volvió a entrar a las 12.30, terminando el trabajo a las 4.30 P. M.; que trabajó diez horas y no cobró las dos horas extra; que no se quejó al capataz porque "ellos dijeron que no estaban obligados a pagar extras y si nos convenía trabajar que trabajáramos"; que no recuerda el día a que se refiere; que nunca ha cobrado horas extra y que le deben más o menos como 54 horas.

La prueba de la defensa consistió en las declaraciones de tres compañeros de trabajo de los testigos de El Pueblo y la del mayordomo de la finca "Fortuna". Todos declararon en síntesis que en el día de autos los que se dedicaban al trabajo de llenar trucks comenzaron a trabajar a las seis y media de la mañana; que suspendieron sus labores a las once para descansar; que reanudaron el trabajo a las 12 y lo terminaron a las tres y media de la tarde, habiendo trabajado en total 8 horas.

La evidencia ofrecida para sostener la denuncia en el recurso núm. 10,138 es claramente insuficiente. El testimonio del Agente del Departamento del Trabajo carece de valor probatorio, pues dicho testigo sólo pudo declarar que cuando él llegó a la colonia a las 4.30 P. M. los obreros estaban trabajando, pero no pudo precisar cuándo comenzaron el trabajo. La declaración del obrero Francisco Jiménez Valle, a quien, según se alega, el acusado permitió trabajar durante diez horas, sostuvo que dicho obrero trabajó durante nueve horas y que la hora extra no le fué pagada. Estos hechos

no constituyen por sí solos una violación de la ley. Ésta, según hemos visto, autoriza el empleo de un obrero por "un período que no excederá de -nueve (9) horas durante cualquier día natural", con la única condición de que deberá pagársele por la novena hora el doble de lo que se le esté pagando por las horas regulares. Es cierto que el acusado, en su capacidad de capataz, permitió que el obrero trabajase durante nueve horas, pero no existe prueba alguna de que fuera el acusado el que tenía la obligación de pagar al obrero por la hora extra. Si ésa era una obligación del verdadero patrono, el dueño de la finca, su incumplimiento no le puede ser imputado al capataz para hacerle responsable criminalmente. Si el dueño de una finca que permite a sus obreros trabajar durante nueve horas, y se niega a pagarles doble por la hora extra, es responsable criminalmente, además de serlo civilmente, es cuestión que no resolvemos por no estar envuelta en este caso. Solamente resolvemos que bajo los hechos y circunstancias de este caso el capataz acusado no es culpable de violación alguna de la Ley núm. 49 de 1935 y que la sentencia que le fué impuesta debe ser revocada.

La prueba ofrecida en apoyo de los otros dos casos es contradictoria. Los obreros Fernando Abrahams Méndez y Julio Carrión aseguran que ellos trabajaron durante diez horas en el día especificado en la denuncia. Los testigos de la defensa sostienen que ellos al igual que Abrahams y Carrión trabajaron ocho horas solamente. La corte sentenciadora, que vió y oyó declarar a todos los testigos, resolvió el conflicto dando crédito a los testigos de la acusación y negándoselo a los de la defensa. La prueba creída por la corte inferior es suficiente para sostener la acusación, sin que sea necesario, como pretende el apelante, que la declaración del único testigo de cargo en cada caso sea corroborada por otros testigos. La evidencia ofrecida por el fiscal y creída por la corte sentenciadora establece el hecho esencial de que el acusado, siendo capataz de la finca en cuestión, permitió que los dos mencionados obreros trabajaran en el indicado

día durante un período de diez horas, infringiendo al hacerlo así las disposiciones de la sección 1 de la Ley núm. 49 de 1935.

Considerando que el principal responsable y beneficiario de estas infracciones es el dueño de la finca o explotación agrícola, aun cuando el capataz es también responsable por mandato expreso de la ley, convenimos con el apelante en que la pena de $100 de multa que le fué impuesta en cada caso y que es la máxima que fija el estatuto, es una pena excesiva y que debe ser reducida en ambos casos.

Por las razones expuestas *se revoca la sentencia recurrida que dictó la Corte de Distrito de Arecibo en 4 de diciembre de 1941 en el recurso núm. 10,138, y se absuelve al acusado.*

*Las sentencias dictadas en los recursos núm. 10,139 y núm. 10,140, ambas de fecha 4 de diciembre de 1941, deben ser modificadas en el sentido de reducir a $25 el importe de la multa en cada caso, debiendo el acusado sufrir un día de cárcel por cada dólar que dejare de satisfacer, y pagar las costas. Y así modificadas serán confirmadas.*