EL PUEBLO DE PUERTO RIÇO, demandante y apelado, *v.* RAMÓN RAMÍREZ CASTRO, acusado y apelante.

Núm. 11129.—*Sometido:* Enero 15, 1946. *Resuelto:* Febrero 8, 1946.

*Angel Viera Martínez,* abogado del apelante; *Hon. Procurador General E. Campos del Toro, Luis Negrón Fernández, Procurador General Auxiliar* y *J. Rivera Barreras,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Este es un recurso de apelación contra sentencia condenando al acusado, después que un jurado lo declaró culpable del delito de bigamia. El apelante señala como error la admisión en evidencia de dos certificaciones de la celebración de los dos matrimonios aquí envueltos, porque "No son la transcripción literal del acta de matrimonio celebrado ante el funcionario que cada una de dichas certificaciones señala". Arguye que "distintos requisitos que se incluyeron en el acta de celebración del matrimonio no aparecen de la certificación ofrecida en evidencia, como por ejemplo, 'quién era el padre de Ramón Ramírez Castro,' el aquí apelante."

El artículo 24 de la Ley del Registro Demográfico de Puerto Rico—Ley núm. 24, Leyes de Puerto Rico, 1931 (pág. 229)—exige que toda persona que celebre un matrimonio remita al Encargado del Registro (1) la licencia matrimonial, (2) la declaración jurada de los contrayentes, y (3) la certificación de la celebración del matrimonio. Esta última debe expresar la fecha y lugar donde se celebró el matrimonio, y contener las firmas del celebrante, de los contrayentes y de los testigos. El artículo 25 dispone que "el Encargado del Registro hará una transcripción de la *certificación del matrimonio* en el libro destinado a tal fin que llevará en su oficina y enviará los documentos originales al Departamento de Sanidad . . ." (Bastardillas nuestras).

El artículo 38, según fué enmendado por la Ley núm. 25, Leyes de Puerto Rico, 1936 ((1) pág. 213), dispone que "A petición de parte interesada, el Comisionado de Sanidad . . . suministrará copia certificada de cualquier . . . casamiento . . . que se haya inscrito y registrado en el Registro General de acuerdo con las disposiciones de esta Ley . . .". El artículo 38 dispone además que tal copia certificada "constituirá evidencia prima facie ante todas las cortes de justicia de los hechos que consten en la misma".

Es obvio que la contención del acusado carece de méritos. No se requiere que la certificación de la celebración de los matrimonios contenga la información que el apelante alega faltaba en la misma. Según las citadas secciones de la Ley núm. 24, el matrimonio se prueba por copias certificadas de las actas de matrimonio, y aquí éstas fueron debidamente presentadas en evidencia.

■ Además, los magistrados que celebraron ambos matrimonios declararon a tal efecto, lo que habría subsanado cualesquier defectos de forma en las certificaciones, si es que tales defectos existieron.

■ El artículo 271 del Código Penal, edición de 1937, provee que "Toda persona que teniendo cónyuge vivo se casare con otra persona, salvo en los casos especificados en el siguiente artículo, será culpable de bigamia". El artículo 272 provee que el artículo anterior no se hará extensivo a " . . . 2. Ninguna persona por razón de matrimonio anterior que hubiere sido declarado nulo o disuelto por sentencia del tribunal competente.".

El acusado sostiene que bajo el inciso 2 del artículo 272 el Pueblo debe probar en una acusación por bigamia que el primer matrimonio no ha sido anulado o disuelto por acción judicial. Pero para determinar qué constituye el delito de bigamia nos remitimos exclusivamente al artículo 271. El artículo 272 viene a colación solamente si el acusado trata de hacer uso de cualquiera de las excepciones citadas allí como defensa. Y en su consecuencia, no se requiere al Pueblo que pruebe que tal excepción no existe. El acusado más bien es el que tiene que probar que tal excepción lo cobija. *People* v. *Huntley*, 269 P. 750 (Calif. 1928); *People* v. *Priestley*, 118 P. 965 (Calif. 1911). Hemos seguido esta doctrina al interpretar otros estatutos penales. *Pueblo* v. *Avilés*, 54 D. P.R. 272; *Pueblo* v. *Giraud*, 52 D.P.R. 31.[1]

_____

[1] En el caso de *Avilés,* dijimos a las págs. 275-76: "Si la excepción ha sido incorporada a la definición del delito de manera tan inseparable que una acu-

De cualquier modo, el hecho es que el Pueblo, aun cuando no tenía que hacerlo, probó que las excepciones enumeradas en el artículo 272 no existían, presentando la declaración de la primera esposa al efecto de que el primer matrimonio nunca fué disuelto.

Los otros dos errores alegados van a la suficiencia de la prueba. El jurado no creyó la historia del acusado de que se encontraba en estado de embriaguez durante la primera ceremonia y que creyó que lo que hacía era reconocer a un hijo en lugar de estarse casando. La otra prueba ofrecida por el fiscal fué suficiente para justificar la convicción.

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. Todd, Jr., no intervino.

sación que la omitiera dejaría de exponer los distintos elementos del delito con suficiente exactitud y certeza, en ese caso es indispensable que en la acusación se niegue la excepeión, es decir, que se expongan hechos tendentes a demostrar que el caso del acusado no se halla comprendido en ninguna de las excepciones de la ley. Si por el contrario la excepción se halla expuesta en cualquier otro artículo de la ley y el lenguaje que define el delito es tan independiente de la excepción que puede describirse el delito con certeza y exactitud sin necesidad de negar la excepción, en ese caso ésta se considera materia de defensa y como tal debe ser alegada y probada por el acusado''.