EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS GALÍNDEZ SANTELLO, acusado y apelante.

Núm. 12817.—*Sometido:* Diciembre 10, 1947. *Resuelto:* Diciembre 22, 1947.

*Otero Suro & Otero Suro,* abogados del apelante; *Hon. Procurador General Luis Negrón Fernández, y J. Rivera Barreras y Alberto Picó Santiago, Fiscal y Fiscal Auxiliar del Tribunal Supremo,* respectivamente, abogados de El Pueblo, apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Alfredo Ferrán, Luis Galíndez y Luis Alvarez fueron acusados de un delito de infracción del artículo 21 de la Ley Hípica de Puerto Rico (Núm. 11 de 1932, Leyes de 1931–32, pág. 195) enmendado por la Ley núm. 184 de mayo 14 de 1941 ((1) pág. 1387), en relación con el artículo 22 de la misma Ley Hípica.(¹) El delito imputádoles consistía en dedicarse, sin la autorización de la Comisión Hípica de Puerto Rico, a la explotación de una Banca Alemana (*parimutuel*) dentro del Hipódromo Quintana, en relación con una carrera de caballos que allí se celebraba el día de autos, haciendo de banquero el acusado Ferrán, de apostador el acusado Alvarez y de colector el aquí apelante Luis Galíndez Santello, quien fué condenado a pagar una multa de $50 o a sufrir la prisión subsidiaria.

El primer señalamiento se refiere a la alegada insuficiencia de los hechos expuestos en la denuncia para consti-

---

(¹)"Artículo 21.—El sistema de apuestas conocido en Puerto Rico por 'pool' y las apuestas en las bancas alemanas, '*supscription funds*', '*mutuels*', así como cualquier otro sistema de apuestas, sólo podrán establecerse para los días en que se celebren carreras de caballos y en relación con dichas carreras, dentro de los hipódromos autorizados por la Comisión Hípica Insular, y únicamente podrán ser explotados por las personas naturales o jurídicas explotadoras de los hipódromos en funcionamiento. *Disponiéndose,* que la Comisión Hípica Insular no autorizará más de ocho 'subscription funds' durante un mismo año fiscal."

"Artículo 22.—Por la presente queda estrictamente prohibido y se declara ser ilegal la conservación y explotación del negocio de *pool* o del sistema conocido por *parimutuel* y la formación de libros o libretas de apuestas o de bancas alemanas o *subscription funds* en relación con las carreras de caballos, excepto según queda autorizado por esta Ley."

tuir el delito imputado porque no se alega en la misma que el acusado Galíndez no fuera una de las personas naturales y jurídicas que explotan los hipódromos en Puerto Rico. Alega el apelante que no basta con que se diga en la denuncia que el acusado no estaba autorizado por la Comisión Hípica para explotar una banca alemana.

Un detenido estudio de la Ley nos convence de que el alegado error no ha sido cometido. El artículo 21 de la Ley Hípica, supra, dispone que las bancas alemanas sólo podrán establecerse para los días de carreras, dentro de los hipódromos autorizados por la Comisión Hípica; y, además, que esas bancas podrán ser explotadas *únicamente* por las personas naturales o jurídicas explotadoras de los hipódromos en funcionamiento. El artículo 22 de la misma Ley Hípica, supra, prohibe estrictamente y declara ilegal "la formación de libros o libretas de apuestas o de *bancas alemanas* o *subscription funds* en relación con las carreras de caballos, excepto según queda autorizado por esta Ley." De acuerdo con las disposiciones de dichos dos artículos, la formación de bancas alemanas dentro de uno de los hipódromos autorizados por la Comisión Hípica, por una persona natural o jurídica que no sea la misma que explota dicho hipódromo, está estrictamente prohibida y es ilegal.

■ ■ La contención del apelante de que el artículo 27 de la Ley Hípica(²) permite que una persona pueda explotar una banca alemana, sin que tenga que estar autorizada directamente por la Comisión, es insostenible. El artículo 21 de la Ley Hípica, supra, autoriza el establecimiento de bancas alemanas, en los días de carreras, dentro de los hipódromos auto-

---

(²)"Artículo 27.—Toda persona natural o jurídica que, de acuerdo con esta Ley, estableciere o tuviere establecido debidamente un hipódromo en Puerto Rico y explotase o permitiese que otra persona explote, dentro de los terrenos de su hipódromo el negocio de bancas alemanas o *pools*, será responsable a la persona que apostare de cualquier reclamación justa; *Disponiéndose,* que las decisiones del Jurado y de la Comisión Hípica Insular constituirán autoridad bastante para que el dueño del hipódromo que las acate quede exento de ulterior responsabilidad."

rizados por la Comisión Hípica Insular; y dispone expresamente que esas bancas podrán ser explotadas únicamente por las personas que explotan los hipódromos. La Ley no contiene disposición alguna que faculte a los explotadores de hipódromos para autorizar a otras personas para que exploten dentro de su hipódromo bancas alemanas o *pools*. Lo único que dispone el artículo 27 de la Ley es que si el explotador de un hipódromo permite que otra persona explote dentro de su hipódromo un negocio de banca alemana, será responsable a la persona que apueste en dicha banca por cualquier reclamación justa. No era necesario que en la denuncia se alegase que el acusado no es una de las personas autorizadas a explotar la banca. Lo alegado es más que suficiente para informar al acusado en cuanto a la naturaleza del delito imputádole. Si él estaba autorizado para explotar la banca alemana, era a él a quien incumbía alegarlo y probarlo como defensa. El fiscal no está obligado a probar que el acusado no está cobijado por la excepción.(3)

 Los otros dos señalamientos se refieren a la suficiencia de la evidencia. La del Pueblo tendió a demostrar que el acusado apelante y Ferrán operaban y explotaban una banca clandestina, actuando el acusado como recaudador y Ferrán como banquero; que el apelante fué visto mientras recibía dinero de varias personas para apuestas en dicha banca y también cuando pagaba a los que habían ganado; que el acusado fué arrestado en el momento en que entregaba a Ferrán el dinero de las apuestas, ocupándosele la suma de $200 en billetes; que a Ferrán se le ocupó una libreta donde aparecían los nombres de los caballos y los de los apostadores y las sumas apostadas por cada uno; y que de los archivos de la Comisión Hípica Insular no aparece que los acusados estuvieran autorizados para explotar bancas alemanas en los hipódromos. La evidencia ofrecida por la defensa tendía a demostrar que el acusado había hecho una sociedad con un

---

(3)*Pueblo* v. *Ramírez,* 65 D.P.R. 680; *Pueblo* v. *Avilés,* 54 D.P.R. 272; *Pueblo* v. *Giraud,* 52 D.P.R. 31.

amigo para jugar en las bancas legítimas del hipódromo; y que el acusado fué arrestado por la policía en el momento en que llevaba el dinero de él y de su amigo para jugarlo.

La corte inferior resolvió el conflicto dando crédito a la prueba del Pueblo. Siendo ésta suficiente para sostener la acusación y no habiéndose demostrado que la corte inferior cometiera manifiesto error en su apreciación o actuara movida por pasión, prejuicio o parcialidad, *es nuestro deber confirmar la sentencia recurrida.*