EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANGEL OLIVO RUIZ, acusado y apelante.

No. 3305.—*Visto:* Enero 26, 1928. *Resuelto:* Marzo 6, 1928.

1. LICENCIAS—POR OCUPACIONES Y PRIVILEGIOS—PROCESOS Y CASTIGOS—APELACIÓN.—Cuando en denuncia por manejar un vehículo de motor sin licencia para ello se alega además que el acusado arrolló a un niño, y no hay nada en los autos que indique que aquélla se atacara en la corte inferior por el fundamento de imputar dos delitos, tal alegación no puede ser atacada por primera vez en apelación.

2. LICENCIAS—POR OCUPACIONES Y PRIVILEGIOS—PROCESOS Y CASTIGOS—ACUSACIÓN O DENUNCIA—SU SUFICIENCIA—MANEJO DE AUTOMÓVIL SIN LICENCIA.—Una denuncia que alegue que el acusado manejaba un vehículo de motor sin tener licencia expedídale por el Departamento del Interior da suficiente conocimiento a aquél de que se le imputa el guiar dicho vehículo sin poseer una licencia del Comisionado del Interior.

3. LICENCIAS—POR OCUPACIONES Y PRIVILEGIOS—PROCESOS Y CASTIGOS—ACUSACIÓN O DENUNCIA—SU SUFICIENCIA—MANEJO DE AUTOMÓVIL SIN LICENCIA.—Una denuncia por manejar un vehículo de motor sin licencia para ello que ni sigue las palabras del estatuto ni alega como exige la ley que el vehículo se guiaba por un camino público es insuficiente para imputar delito alguno.

SENTENCIA de *Domingo Sepúlveda,* J. (San Juan), condenando al acusado por delito de Infracción al Art. 5, inciso (*a*) de la Ley de Automóviles. *Revocada,* absolviéndose al acusado.

*Adolfo Dones,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelante fué convicto por guiar un automóvil sin poseer licencia. En la apelación se ataca únicamente la denuncia. Esta dice así:

"Que en 20 de marzo hora 5:30 p. m. de 1927, y en el barrio San Patricio de Río Piedras, P. R., que forma parte del Distrito Judicial de San Juan, P. R., el referido acusado Angel Olivo Ruiz, allí y entonces de una manera ilegal, maliciosa y voluntariamente, violó las disposiciones de la Ley para reglamentar el uso de vehículos de motor en los caminos públicos de Puerto Rico, consistente en que mientras manejaba como conductor el automóvil Ford No. 7725 de su propiedad, no estaba legalmente autorizado por el Departamento del Interior para dedicarse al manejo de tales vehículos de motor en los caminos públicos de P. R., o sea, sin tener chapa ni licencia expedida al efecto por dicho Departamento, este acusado en momentos en que manejaba dicho vehículo tuvo un accidente en el cual resultó el niño Santiago Díaz Sánchez de 13 años con una herida en la pierna izquierda, y la rotura de la pierna derecha. Hecho contrario a la ley."

[1] Nada aparece de los autos que indique que la denuncia fuera atacada en la corte inferior por el fundamento de que imputa dos delitos. Por tanto, la alegación de que el acusado arrolló a un niño, aunque imputa un delito distinto, no puede ser atacada en apelación. Además, las palabras objetadas son meramente redundantes o puestas para agravar el delito.

[2] Igualmente no hallamos que sea insuficiente la alegación de que el acusado manejaba sin tener licencia expedídale por el Departamento del Interior en vez de decir del Comisionado del Interior, que es la persona autorizada por la ley para expedir licencias. El acusado tuvo conocimiento de que se le imputaba el haber guiado un automóvil sin poseer una licencia del Comisionado al hacerse mención del departamento bajo sus órdenes. Podemos tomar conocimiento judicial de que existe un departamento especial para expedir licencias.

[3] El otro error alegado es más serio y acarrea la revocación de la sentencia. La ley prohibe el guiar por los caminos públicos de Puerto Rico sin poseer licencia para ello. Al apelante no se le acusaba de guiar un automóvil por un camino público. La denuncia únicamente decía que éste guiaba un automóvil en Río Piedras sin tener licencia. *Non constat* que él guiara un automóvil por un camino privado o dentro de su propiedad. Contrario a la contención del fiscal, las palabras de la denuncia ''violó la ley manejando como conductor el automóvil, no estando legalmente autorizado para dedicarse al manejo de tales vehículos de motor en los caminos públicos de Puerto Rico'' no arrojan luz alguna. Solamente dicen que el acusado no tenía licencia. En nada contribuyen para situar al acusado en un camino público. Generalmente cuando se imputa a un acusado haber cometido un delito en un camino público y el estar en un camino público es uno de los elementos esenciales del delito, la acusación o denuncia deben tratar de describir el sitio. De lo contrario un acusado nunca podría estar seguro de si estaba presente o ausente o de si él fué la persona que cometió el delito en el sitio determinado.

Aunque no se exigen grandes formalidades en una denuncia, deben exponerse los elementos esenciales del delito. No puede ser sostenida una denuncia que ni sigue las palabras del estatuto ni alega el sitio.

*Debe revocarse la sentencia apelada y absolverse al acusado.*

El Juez Asociado Señor Texidor no intervino.