El Pueblo de Puerto Rico, demandante y apelado, *v.* Manuel Báez, acusado y apelante.

Nos. 4436 y 4437.—*Sometidos:* Enero 12, 1932. *Resueltos:* Febrero 8, 1932.

*Manuel F. Rossy,* abogado del acusado; *E. Díaz Viera, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El policía Regino Calderón formuló dos denuncias ante la Corte Municipal de Río Piedras contra Manuel Báez imputándole dos infracciones a la Ley No. 75 para reglamentar el uso de vehículos de motor en Puerto Rico, y para otros fines, aprobada el 13 de abril de 1916 (p. 144), una comprendida en el artículo 12, letra ''e'' en relación con la ''a'', consistente en haber manejado en la noche del 26 de octubre de 1929 y por la carretera No. 25, Barrio Monacillo, término municipal de Río Piedras, un auto-guagua sin ejercer el debido cuidado y tomar precauciones razonables para garantizar la seguridad de vidas y propiedades dando ''alcance con dicho vehículo a la persona de la Srta. María Rivera Ortiz quien marchaba en su misma dirección por la referida carretera, no le dió aviso alguno para que dicha persona se apercibiera de la proximidad del vehículo, y al mismo tiempo el acusado abandonó su derecha en el camino, dando lugar con todas esas faltas de cuidado a que allí ocurriera un accidente a consecuencia del cual la Srta. María Rivera Ortiz resultó con contusiones y heridas en diferentes partes del cuerpo . . .'', y la otra comprendida en el mismo artículo

12, letra "b", consistente en que el acusado después de ocurrido el accidente no se detuvo a dar su nombre, dirección, número de su licencia, etc., a la persona perjudicada ni a ningún policía u otra persona interesada, dejando a la lesionada tirada en la carretera, continuando su marcha sin informar después sobre los detalles del accidente a estación alguna de policía.

El acusado hizo la alegación de no culpable en ambas causas. La corte dictó sentencia en su contra. Apeló y vistas las causas *de novo* ante la corte de distrito volvió a ser declarado culpable de ambas infracciones imponiéndosele en cada caso una multa de $25. No conforme apeló para ante esta Corte Suprema y en sus alegatos sostiene que la prueba no demuestra que fuera él el que guiara el auto-guagua en el momento de ocurrir el accidente, ni que la guagua que dijeron conocer el policía denunciante y otro testigo fuera la que atropellara realmente a María Ortiz. Sostiene además que no se demostró que el accidente ocurriera a virtud de su negligencia al guiar el auto-guagua.

■ Hemos examinado la prueba y a nuestro juicio es suficiente.

El artículo 12 de la Ley de Automóviles, letras "a", "e" y "b", dice:

"Artículo 12.—(a) Las personas que manejen vehículos de motor en los caminos públicos, deberán, en todo tiempo, ejercer el debido cuidado y tomar precauciones razonables para garantizar la seguridad de vidas y propiedades.

"(e) Cuando se dé alcance a otro vehículo o persona siempre deberá darse aviso, y la persona o vehículo de menor velocidad deberá echarse hacia la derecha, tanto como le fuere posible, y el vehículo que dé alcance pasará siempre por su izquierda.

"(b) En caso de accidente ocurrido a una persona o propiedad, debido al funcionamiento de un vehículo de motor, la persona que manejare dicho vehículo deberá detenerse a dar su nombre, dirección y el número de su licencia a la persona perjudicada o a cualquier policía u otra persona interesada; y si no fuere el dueño del vehículo, dará también el nombre y dirección del dueño. También deberá co-

municar los detalles de tal accidente a la estación de policía más próxima. En caso de lesión personal, el automóvil que fuere causante de aquélla llevará a la persona o personas lesionadas al hospital, si así lo solicitaren, o a la residencia de dichas personas, si estuviere en la población más cercana, en cualquier dirección, del sitio del accidente; y, si éste no fuere el caso, entonces dicha persona o personas serán conducidas a cualquiera de las dos poblaciones que solicitaren.''

Y la evidencia, tal como aparece de la exposición del caso preparada por el propio acusado, es como sigue:

''1. Declaración del policía Regino Calderón, mayor de edad y vecino de Guaynabo, declara que el 26 de noviembre del año 1929, estaba en la carretera que conduce a Guaynabo, en el barrio Monacillos de Río Piedras, a las nueve y media de la noche cuando vió venir la guagua de transporte de leche número 923, que iba hacia Guaynabo, a una velocidad exagerada, averiguando después que la dirigía Manuel Báez y en el momento en que pasaba la guagua oyó un grito de 'lo mató' entonces fué hacia abajo y encontró a la muchacha María Rivera estropeada, según la información de los testigos. La mandó en un truck a Río Piedras y tenía una fractura y un golpe.

''A preguntas del Abogado contesta: que la guagua llevaba una linterna de gas e iba bastante ligero y nada más sabe.

''2. Declaración de María Rivera Ortiz, es vecina de Guaynabo, dedicada a oficios domésticos; el 26 de noviembre último, iba con su mamá por la carretera bajando por casa del señor Agosto, y vió que iba un vehículo con las luces medio apagadas, que iba con dirección a Guaynabo, a una velocidad ligera; su madre iba delante y ella detrás; y la guagua se acercó hacia la declarante desviándose y le dió en el pecho y en la pierna y la dejó tirada en el suelo y se fué yendo ligero; entonces dos primos que bajaban con la declarante la recogieron y la condujeron al Hospital Municipal; conoce la guagua porque pasaba todos los días a buscar leche.

''A preguntas del Abogado contesta: que iba por la carretera con sus dos primos juntos, ellos delante y la declarante detrás, y les avisó que tuvieran cuidado, porque la guagua iba medio apagada, en dirección a Guaynabo, por su derecha, pero como iba medio apagada se desvió y tiró a la declarante en la carretera; no puede saber cómo es que la cogió a ella, y no cogió a sus dos primos, porque ella era la última que iba detrás, y la guagua se desvió mucho por-

que la declarante y sus primos iban por el lado del paseo y no sabe por qué se desvió la guagua; vió venir la guagua y se guareció porque estaba parada en el paseo de la carretera, y la cogió a su derecha estando cerca de la cuneta; estuvo veinte días en el hospital y durante quince días no se sentía bien.

"3. Declaración de Juan Coto, es carpintero y vive en Monacillo; el 26 de octubre del año pasado, estaba en la carretera que conduce a Guaynabo, pasaron por su lado tres jóvenes, y al poco rato, subía la guagua del señor Rossy y al cruzar con ella sintió un golpe y los gritos que decían: 'atájenla que la mató'. El declarante se encontraba a la parte delantera de la guagua, e hizo señal de parada, pero no obedeció y siguió viaje, entonces fué a prestar auxilio a la persona y la levantaron del suelo y era la señora Ortiz. Dice que la guagua era del señor Rossy, porque cuando pasó la conoció, y no sabe cuál era el chauffeur que la guiaba porque casi no llevaba luz; iba a bastante velocidad, después de ocurrido el caso, y no tocó bocina, y la persona arrollada se llama María Ortiz.

"A preguntas del Abogado contesta: que no vió que la guagua cogiera a María, pero sí sintió un golpe; cuando la guagua iba delante del declarante, iba ligero y llevaba luces como para ver la carretera.

"A preguntas del señor Juez dice, que la guagua llevaba una lucesita, pero no para alumbrar la carretera."

Es cierto que sólo un testigo, el policía, dijo que el que guiaba la guagua era el acusado Manuel Báez y que eso lo averiguó después, pero lo es también que tal manifestación fué hecha sin objeción por parte del acusado, y así permaneció en el récord.

En el caso de *El Pueblo* v. *Asencio,* 16 D.P.R. 355, este tribunal decidió que "es un principio de derecho, que cualquier testimonio probatorio puede ser considerado por la corte, si no se presenta objeción alguna a la admisión del mismo. El derecho de objeción se considera renunciado si no se ejercita. La doctrina anterior es una aplicación de la máxima *consensus tollit errorem.*"

■■ Sobre la identificación de la guagua la prueba es completa.

A los efectos de una de las infracciones, la de la letra "b"

no era necesaria prueba alguna de negligencia. Sí lo era con respecto a la otra. Se demostró que el hecho ocurrió en una carretera pública, que el acusado conducía el vehículo a una velocidad exagerada con las luces medio apagadas o con una luz manifiestamente insuficiente y que al dar alcance a una persona que iba también por el paseo de la carretera en su misma dirección, se desvió dándole en el pecho y en una pierna, ocasionándole heridas que la obligaron a permanecer veinte días en el hospital. La prueba es bastante a nuestro juicio.

*Deben declararse sin lugar ambos recursos y confirmarse las sentencias apeladas.*