EL PUEBLO DE PUERTO RICO, demandante y apelado *v.* JOSÉ A. VARGAS RAMÍREZ, acusado y apelante.

*Número:* 17352   *Resuelto:* 20 de diciembre de 1961.

*M. Figueroa del Rosario,* abogado del apelante; *J. B. Fernández Badillo, Procurador General de Puerto Rico y Rodolfo Cruz Contreras,* abogados de El Pueblo, apelado.

Sala integrada por el Juez Presidente señor Negrón Fernández como Presidente de Sala y los Jueces Asociados señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

El fiscal presentó acusación contra el acusado apelante José A. Vargas Ramírez imputándole una infracción "al art. 8 de la Ley 141 de 1960 (conducir un vehículo de motor bajo los efectos de bebidas embriagantes)" consistente en que "conducía bajo los efectos de bebidas embriagantes *el carro* Pontiac, tablillas núm. 608-963, el cual dejó chocar con *otro vehículo de motor* . . ." El día de la vista la defensa planteó que la acusación no alegaba ni aducía hechos constitutivos de un delito público ya que no se expresaba que el supuesto acto delictivo se cometió "en un camino o vía pública". El tribunal a quo declaró sin lugar esta cuestión, y practicada la prueba, le declaró culpable, e indudablemente considerando que con motivo del accidente resultaron lesionadas tres personas, le impuso una pena de seis meses de cárcel y la suspensión de la licencia para conducir vehículos de motor por un período de dos años.

En el recurso de apelación entablado se reproduce la alegación sobre la insuficiencia de la acusación e invoca las disposiciones de la sección 13-102(c) de la Ley Núm. 141 de 20 de julio de 1960, 9 L.P.R.A. (Supl.) sec. 1752(c), que dice que "[l]as disposiciones de esta ley y sus reglamentos, relativos al tránsito,(¹) serán aplicables a todo conductor de vehículo impulsado por fuerza motriz o muscular, incluyendo aquellos vehículos descritos en los incisos (a) al (f) inclusive, de la sección 1-148, cuando tales vehículos fueren operados en las vías públicas, salvo que la disposición por su naturaleza no le fuese aplicable al vehículo".(²)

La sección 1-148 a que se alude, 9 L.P.R.A. (Supl.) sec. 348, define vehículo de motor como "todo vehículo movido por

---

(¹) La sección 5-801(a) de la Ley de Vehículos y Tránsito de 1960 está incluida en el Capítulo V, "Disposiciones sobre Tránsito y Seguridad".

(²) Para la disposición de la ley anterior de tránsito, véase, el artículo 20 de la Ley núm. 279 de 5 de abril de 1946, 9 L.P.R.A. sec. 191.

fuerza distinta a la muscular, excepto los siguientes vehículos o vehículos similares:

(a) Máquinas de tracción
(b) Rodillos de carreteras
(c) Tractores usados para fines agrícolas exclusivamente
(d) Palas mecánicas
(e) Equipo para construcción de carreteras
(f) Máquinas para perforación de pozos profundos
(g) Vehículos con ruedas de tamaño pequeño usados en fábricas, almacenes y estaciones de ferrocarriles
(h) Vehículos que se mueven sobre vías férreas, por mar o por aire
(i) Vehículos operados en propiedad privada." ▮

Leídas ambas secciones conjuntamente, resulta claro que la frase "cuando tales vehículos fuesen operados en las vías públicas" se refiere únicamente a los enumerados a continuación de las letras (a) a (f) de la sección 1-148, que usualmente no transitan por las carreteras públicas debido precisamente a que su uso principal no es el de transportación. De ahí que se hiciera innecesaria toda alusión a los vehículos a que se refieren las letras (g), (h) e (i) porque éstos ni aun incidentalmente utilizan las vías públicas. Es éste un caso apropiado para la aplicación de la regla de hermenéutica sobre el último antecedente, *Bowie* v. *Buscaglia,* 63 D.P.R. 546, 552 (1944). ▮

Además, podrá observarse que la acusación sigue sustancialmente las palabras del estatuto que parcamente se limita a declarar ilegal "que cualquier persona bajo los efectos de bebidas embriagantes conduzca o haga funcionar cualquier vehículo de motor". Sección 5-801(a) de la Ley 141 de 1960, supra, 9 L.P.R.A. (Supl.) sec. 1041. Atendida la definición de vehículo de motor antes transcrita que excluye expresamente los "vehículos operados en propiedad privada", una acusación que impute conducir un vehículo de motor bajo el efecto de bebidas embriagantes, conlleva—como juiciosamente apunta el Procurador General—la alegación de que tal

operación ha tenido lugar en una vía pública, porque un vehículo operado en propiedad privada no es un "vehículo de motor". Como se trata de una excepción a la definición estatutaria de vehículos de motor no era necesario que apareciera negada en la acusación, (y a no otro resultado conduciría el requerir que se alegara afirmativamente que la operación del vehículo ocurrió en una vía pública, o sea que no fue en propiedad privada), sino que correspondía al acusado alegarla y probarla como materia de defensa. Cf. *Pueblo* v. *Hiraldo*, 54 D.P.R. 639, 643 (1939); *Pueblo* v. *Avilés*, 54 D.P.R. 272 (1939); *Pueblo* v. *Giraud*, 52 D.P.R. 31 (1937).

*Pueblo* v. *Olivo*, 37 D.P.R. 810 (1928), en el cual descansa el acusado apelante, es claramente distinguible ya que en dicho caso la sección infringida específicamente disponía que "será ilegal el manejar cualquier vehículo de motor en un camino público de Puerto Rico sin tener licencia para ello . . ." (Art. 2 de la Ley núm. 75 de 13 de abril de 1916, pág. 144.) Como se verá, el conducir vehículos de motor en una vía pública era parte inseparable del delito. Además, la referida ley de Automóviles de 1916 no contenía una disposición similar definiendo vehículos de motor mediante la cual se excluyese expresamente—como ocurre en la actual—los vehículos conducidos en propiedad privada. Igual distinción puede establecerse en relación con *Pueblo* v. *Báez*, 43 D.P.R. 85 (1932), en el cual la disposición infringida era el artículo 12 de la referida Ley de Automóviles de 1916 que específicamente se refiere a las personas que manejan vehículos de motor en los caminos públicos.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Mayagüez, en 15 de mayo de 1961.*