EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EDGARDO VÁZQUEZ BRUNO, acusado y apelante.

*Número:* CR-65-235        *Resuelto:* 24 de mayo de 1966

*Benjamín Ortiz,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Lolita Miranda de Escudero, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto por el Tribunal Superior del delito de conducir un vehículo de motor estando bajo los efectos de bebidas embriagantes. 9 L.P.R.A. sec. 1041. Fue sentenciado a cumplir diez días de cárcel y se le canceló la licencia de conductor por el término de un año.

La prueba demuestra lo siguiente: El 14 de octubre de 1960, como a las 5:30 P.M., el acusado conducía un automóvil por la calle Rosario en Santurce, P.R. Iba dando zigzags en forma peligrosa para los peatones y demás vehículos. Don Francisco González, testigo ocular, y quien vive en esa calle, declaró al efecto "Yo me tuve que meter para adentro." A él no lo estropeó, pero a un niño que por allí transitaba y quien al ver el vehículo trató de ponerse a salvo "pero no pudo" el apelante lo arrolló, estropeándolo. El carro rompió la verja de una casa y partió y tumbó una columna de cemento de la verja.

Además del testigo González también declaró por El Pueblo Blanca Estrella González, testigo ocular, y quien también vive en la calle en que ocurrieron los hechos. También declaró el policía Víctor Medina, de la patrulla de Santurce, quien intervino con el acusado con motivo de los hechos. Del testimonio de los tres testigos, los cuales vieron de cerca al

acusado, se desprende que el acusado estaba ebrio. El testigo Francisco González declaró que el acusado estaba "en condiciones que no podía guiar," que "estaba bastante metido," (1) que "casi no se podía sostener en los pies," y que le salía un aliento a licor.

La testigo Blanca Estrella González vio el carro en movimiento dando zig-zags, vio cuando arrolló al niño, vio al acusado conduciendo el carro. El policía Medina llegó al lugar de los hechos. Notó que el acusado "estaba en completo estado de embriaguez." Caminaba "dando tumbos." Cuando hablaba "le salía un fuerte olor a licor." Le pidió que le mostrara la licencia de conducir y el acusado se negó a mostrársela.

Además, hay prueba de que el acusado había tomado licor esa tarde, antes de conducir su carro por Santurce. Estuvo en su casa con un amigo. Tomaron vino y tomaron daiquiris. El amigo llegó a su casa a las doce del día y se fue de tres a cuatro de la tarde.

En apelación ante nos, el acusado señala cinco errores, los cuales discutiremos a continuación, pero no en el mismo orden en que él los plantea.

El quinto error señalado es al efecto de que "Cometió error el Tribunal sentenciador al condenar al acusado ya que la prueba fue insuficiente para establecer que el acusado conducía el vehículo en estado de embriaguez." El señalamiento es frívolo.

El primer error señalado impugna la validez de la disposición de ley bajo la cual el acusado fue convicto, basándose en que en el título de la Ley de Vehículos y Tránsito de Puerto Rico no se dice que estos casos se verán en el Tribunal Superior ni que se verán por tribunal de derecho. Lo que la Constitución exige es que el asunto, o sea, el tema o la materia sobre la cual la ley trata aparezca clara-

---

(1) La expresión popular completa es "metido en tragos."

mente expresado en su título. (²) La Constitución no requiere que los detalles o los procedimientos estatuidos en las leyes aparezcan relacionados en sus títulos. Podemos imaginarnos lo impráctico e inútil que sería un título que pretendiese relacionar los diversos detalles que contiene una ley ·como el "Código Civil," o el "Código Penal," o la "Ley General de Corporaciones para el Estado Libre Asociado de Puerto Rico" o la "Ley Notarial de ·Puerto Rico de 1957." Los anteriores son los títulos de esas leyes. No se requiere que el título constituya un índice, sino que basta que sea un hito indicador del asunto cubierto por la ley. *Pueblo* v. *Díaz Torres*, 89 D.P.R. 720 (1963); *Pueblo* v. *Pérez Méndez*, 83 D.P.R. 228, 230 (1961). No tiene mérito este planteamiento.

En el cuarto error alega que se debió absolver al acusado porque hubo una incongruencia entre la acusación y la prueba y que cometió error el Tribunal al permitir al fiscal que enmendase la acusación para cambiar el nombre de la calle en donde ocurrieron los hechos.

No es requisito esencial de una denuncia por conducir un vehículo en estado de embriaguez el mencionar el nombre de la calle en que tal cosa se hacía. Hemos resuelto que no es indispensable alegar en estos casos que el acusado conducía el vehículo por una vía pública. *Pueblo* v. *Vargas Ramírez*, 84 D.P.R. 225 (1961). La ley define el delito de la siguiente manera: "Será ilegal que cualquier persona bajo los efectos de bebidas embriagantes conduzca o haga funcionar cualquier vehículo de motor." 9 L.P.R.A. sec. 1041. Los elementos esenciales del delito son, pues, (1) conducir o hacer funcionar un vehículo de motor, (2) mientras el que tal cosa hace está bajo los efectos de bebidas embriagantes. El nombre de la calle no es un elemento esencial ni indispensable

---

(²) En su parte pertinente la Constitución de Puerto Rico, Art. III, Sec. 17, dispone: "No se aprobará ningún proyecto de ley, con excepción de los de presupuesto general, que contenga más de un asunto, el cual deberá ser claramente expresado en su título, . . . ."

del delito en cuestión. Además, la calle Rosario de Santurce es una vía pública, igual que lo es la calle Del Parque, la cual le queda cercana. (³)

Conducir un vehículo de motor mientras se está bajo los efectos de bebidas embriagantes es una conducta peligrosa y antisocial, la cual la Asamblea Legislativa puede prohibir en cualquiera y todas las calles y carreteras del país. La ley trata de evitar precisamente lo que aquí ocurrió: un conductor bajo los efectos de bebidas embriagantes arrolló un niño y destruyó parte de la verja de una residencia. Como dijimos en *Pueblo* v. *Díaz Torres*, supra, la ley penaliza el conducir un vehículo mientras se está ebrio porque cuando una persona conduce un vehículo de motor en ese estado "pone en grave riesgo su vida, la de los que le puedan acompañar en el vehículo, y la de otras personas que estén en las calles, en las aceras, en los parques y en los balcones."

Los errores segundo y tercero alegan la comisión de desviaciones del procedimiento que habrá de seguirse cuando la persona arrestada se negase a someterse al análisis químico. Las desviaciones no fueron de tal naturaleza que perjudicaran al acusado. Éste se negó a dejarse tomar las muestras de sangre y orina. Al ser arrestado fue conducido ante un juez quien luego de tomar declaraciones juradas encontró causa probable. Las declaraciones no tienen que ser necesariamente por escrito. Pueden ser orales. Además consta en autos la declaración jurada escrita del policía Víctor Medina, quien intervino en el incidente. A base de esa declaración un magistrado pudo razonablemente hallar causa probable. La prueba desfilada en el juicio confirma plenamente la determinación de causa probable que hizo el magistrado. Los planteamientos que aquí hace el acusado han sido resuel-

---

(³) En casos en que hubiese incongruencia entre las alegaciones y la prueba, la Regla 38(d) de Procedimiento Criminal (1963) autoriza al Tribunal a permitir enmiendas a la acusación, a la denuncia y al escrito de especificaciones, si lo hubiere, en cualquier momento antes de la convicción o de la absolución del acusado.

tos adversamente para él. En *Acevedo* v. *Tribunal Superior*, Sentencia de 18 de octubre de 1961, citado con aprobación en *Pueblo* v. *Tribunal Superior*, 84 D.P.R. 392, 396 (1962), resolvimos que en el caso de un conductor que se niega a dejarse tomar una muestra para el examen químico, la desviación del procedimiento señalado por la Ley (Sec. 5-804; 9 L.P.R.A. sec. 1044) no impide el proceso criminal.

*Se confirmará la sentencia apelada.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Santana Becerra no intervinieron.