EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ GALÍ FEBUS, acusado y apelante.

*Número:* CR-71-98      *Resuelto:* 13 de agosto de 1973

*Blas R. Marrero Miranda,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Ruth Tentori de Lebrón-Velázquez, Procuradora General Auxiliar,* abogados de El Pueblo.

### SENTENCIA

El apelante fue convicto de una violación a la Sec. 5-801 de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 1041. Se le impuso una multa de $125.00 y se le suspendió la licencia (de aprendizaje) hasta la fecha de su expiración.

La única prueba desfilada consistió del testimonio de dos testigos del fiscal, que no probaron más allá de duda razonable que el acusado cometiera el delito de guiar en estado de embriaguez.

Según el testigo Graciano López, quien declaró como prueba del Pueblo que estando él en la tienda que se encuentra cerca del lugar de los hechos, el apelante le pidió ayuda para empujar su carro. Indica que el apelante, *estando el motor apagado,* se montó por el lado del guía y él le empujó el carro, que se salió de la carretera y cogió una toma de agua, que se rompió. Que mientras eso sucedía, el apelante no estaba borracho; que luego se metió al negocio y se dió unos cuantos palos. Que el policía llegó al lugar de los hechos de 30 a 45 minutos después de ese incidente. La Corte no le dió crédito a la declaración de éste, porque el fiscal trajo una declaración jurada del testigo que en parte dice así:

"Luego vino la Policía y después de estar la Policía sacamos el carro hacia la carretera y que José Galí Febus parece que había tomado licor y se iba para los lados, hablaba gagueando."

Entendemos que eso no contradice su testimonio, pues anteriormente él declaró que luego de romper la toma de agua, el apelante se fue a dar unos tragos. El sacar el carro nuevamente hacia la carretera, es posterior a la llegada del policía de 30 a 40 minutos después del acusado haber comenzado a beber. Es erróneo el razonamiento del tribunal sentenciador cuando dice, "La Corte está convencida de que este acusado al manejar este vehículo estaba en estado de embriaguez porque 35 a 45 minutos después estaba en las condiciones que dice el Policía. . . .", pues no hay prueba alguna que indique el apelante estaba ebrio antes del accidente.

El policía de la patrulla declaró que mientras iba por la carretera en jurisdicción de Corozal, encontró un automóvil Chevrolet que estaba al borde de un risco y allí había un tubo de agua roto. Se detuvo y le preguntó al apelante, quien estaba dándose tragos en un negocio allí cercano, si él había estado conduciendo ese automóvil. El apelante al principio lo negó pero luego aceptó que lo había estado conduciendo. Al requerirle el policía su licencia de conductor el apelante produjo una licencia de aprendizaje. El policía le preguntó si estaba dispuesto a someterse a un análisis de sangre o de orina, a lo cual el apelante se negó. El policía le informó que si se negaba el Tribunal le podía imponer una sanción mayor.

En ningún momento vió el policía al apelante guiando en estado de embriaguez. De ese testimonio la única conclusión posible es que cuando llegó el policía de 35 a 45 minutos después de lo sucedido, el apelante había estado bebiendo en dicho negocio.

Para un estudio de la Sección 5-801(a) de la Ley de Vehículos y Tránsito, véanse: *Pueblo* v. *Rivera Flores*, 87 D.P.R. 328 (1963); y *Pueblo* v. *Ramos García*, 92 D.P.R. 396 (1965).

Aunque consideramos que se debió advertir al acusado su derecho a someterse a una de las tres pruebas de embriaguez,

el segundo error (¹) no se cometió ya que en la sentencia lo que se le suspendió al acusado fue su licencia de aprendizaje hasta la fecha de su expiración, y no se le impuso suspensión por término adicional alguno.

No habiéndose demostrado la culpabilidad del apelante más allá de toda duda razonable, procede se revoque la sentencia apelada y se decrete la absolución del acusado.

Así lo pronunció y manda el Tribunal y certifica la Secretaria Interina. El Juez Asociado Señor Rigau disiente con opinión, con la cual concurren los Jueces Asociados Señores Dávila y Torres Rigual.

(Fdo.) Carmen Lesbia Colón
*Secretaria Interina*

—0—

Opinión disidente del Juez Asociado Señor Rigau con la cual concurren los Jueces Asociados Señores Dávila y Torres Rigual.

San Juan, Puerto Rico, a 13 de agosto de 1973.

Con todo respeto para otros criterios, me veo obligado a disentir. He leído la transcripción de evidencia y estoy convencido, como lo estuvo el juez de instancia, de que el apelante *condujo o hizo funcionar* un vehículo de motor mientras estaba bajo los efectos de bebidas embriagantes. (¹) Eso es todo lo que exige el estatuto. En lo pertinente dice el mismo: "Será ilegal que cualquier persona bajo los efectos de bebidas

---

(¹) "El Honorable Tribunal incurrió en error al suspender la licencia del acusado por un término adicional de tres meses a pesar de que el policía denunciante no estableció cuales advertencias le había hecho al acusado al producir éste su negativa para someterse a alguno de los análisis de sangre, aliento u orina."

(¹) Antes de dictar sentencia el Juez Superior que presidió el juicio, se expresó en los siguientes términos: "El Tribunal está satisfecho de que usted estaba guiando en estado de embriaguez."

embriagantes conduzca o haga funcionar cualquier vehículo de motor." 9 L.P.R.A. sec. 1041 (a).

La opinión mayoritaria parece darle importancia al dato de que el motor estaba apagado cuando el apelante "se montó por el lado del guía" y Graciano López empujó el vehículo y éste se salió de la carretera y rompió el tubo del agua. Es completamente inmaterial si el motor estaba encendido o apagado. La ley no exige que el motor esté encendido. El apelante *condujo* el vehículo pues éste se movió, saliéndose de la carretera y rompiendo el tubo del agua. El policía encontró el automóvil al borde de un risco. Si el carro se hubiese despeñado por el risco la vida del propio apelante hubiese corrido grave riesgo, no importando para ello que el motor estuviese apagado o encendido. También hubiese sido un acto ilegal pero más desafortunado si el automóvil en vez de romper un tubo de agua atropella a un niño, lo cual pudo haber ocurrido ya que un niño es más frágil que un tubo. Lo que hace peligroso el vehículo es el hecho de que esté en movimiento mientras es conducido por una persona que está en estado de embriaguez, y pueda así ocasionar accidentes—como de hecho ocurrió en este caso—y no el hecho de que el motor esté apagado o encendido.

No creo que el tribunal no le diera crédito a toda la declaración del testigo Graciano López. López declaró sobre lo que hemos antes mencionado y como parte de su declaración dijo que cuando el apelante se montó por el lado del guía no estaba ebrio. En relación con ésto el Juez de instancia dijo: "A la corte no le merece crédito alguno la declaración del testigo Graciano López en el sentido de que usted [le hablaba al apelante] se puso a beber, a ingerir bebidas alcohólicas *luego del accidente*." (Énfasis nuestro.)

En realidad la situación puede resumirse como sigue: El policía encontró el automóvil al borde de un risco y el tubo de agua roto. Luego de preguntar se informó de que el apelante era el que guiaba el automóvil. El apelante al principio

se lo negó pero luego, declaró el policía, "me dijo que sí, que estaba guiando dicho vehículo." Cuando el policía habló con el apelante éste estaba ebrio. Declaró que el tubo se había roto hacía dos o tres minutos. El apelante se negó a someterse a los exámenes de sangre u orina.

De todas maneras, se trata de apreciación de prueba. Ante el cuadro de evidencia circunstancial que presenta el récord no creo que estamos justificados para desechar la apreciación de la prueba que hizo el juez de instancia, quién fue el que vio y oyó a los testigos declarar. Que no se diga que los jueces somos tan ingenuos como para creer lo que nadie más creería.

Es bien sabido que conducir un vehículo de motor mientras se está bajo los efectos de bebidas embriagantes es una conducta peligrosa y antisocial porque pone en grave riesgo la vida del conductor, la de los que los puedan acompañar en el vehículo y la de otras personas que estén en las calles y en las aceras. *Pueblo* v. *Vázquez Bruno*, 93 D.P.R. 540, 544, (1966); *Pueblo* v. *Díaz Torres*, 89 D.P.R. 720, 734 (1963).